## FRED P. KRAHMER, ADMINISTRATOR OF ESTATE OF FRANK HOEFT, v. G. C. KOCH AND OTHERS.[1]

February 11, 1944.

No. 33,599.

[1]Reported in 13 N. W. (2d) 370.

*Leo J. Seifert,* for appellant.

*Guy E. McCune* and *Frundt & Morse,* for respondents Roland H. Zierke and Theo. Schwieger.

HOLT, COMMISSIONER.

The amended complaint fills 26 printed pages of the record. The substance of only the parts deemed material for a decision need be stated. On April 2, 1928, defendant Gustav C. Koch owned a described 160-acre farm in Martin county, this state. On that date he gave his promissory note for $10,000 and, to secure its payment, executed a first mortgage on the farm, his wife joining. That mortgage is unpaid, except interest up to shortly before this suit. Its validity is conceded. On the same date Gustav C. Koch gave to a bank at Fairmont his promissory note for $2,500 and, to secure its payment, executed a second mortgage on the farm mentioned. This mortgage is not questioned. It was duly recorded, assigned, and foreclosed by advertisement. The foreclosure is not challenged. Upon defendant Gustav C. Koch's application, an extension of the time of redemption from the foreclosure sale was granted by the court. A third mortgage was executed by Gustav C. Koch and wife on April 2, 1928, on this farm to his mother, Emma C. Koch, to secure notes aggregating $10,000. It was duly recorded on April 9, 1928. Interest was paid thereon until 1937, but no part of the principal. On June 23, 1933, a judgment in favor of plaintiff's deceased, Frank Hoeft, for $1,544.32 against Gustav C. Koch was duly docketed in the district court of Martin county. This judgment became a fourth lien on the farm, and this is conceded. Gustav C. Koch was insolvent when the second mortgage was foreclosed and has been insolvent ever since. His wife is now dead. The third mortgage was assigned to Emma Koch, the daughter of Gustav Koch.

This action was brought by Frank Hoeft, the judgment creditor. Hoeft died before the trial, and the duly qualified administrator of

Hoeft's estate, Fred P. Krahmer, was substituted. The action is based upon a charged conspiracy between the defendants, one of whom is the sheriff of Martin county, to prevent Hoeft from redeeming from the second mortgage foreclosure sale, on the claim that the purchase of the third mortgage was made by Gustav C. Koch and Emma Koch with the understanding that the daughter would cancel and not enforce the debt against her parents if she were paid the amounts advanced, not exceeding $1,000.

A real estate mortgage is a lien under our law; and, when a prior lien is foreclosed, a junior lienholder, whether in the form of a mortgage or judgment, has a right of redemption. This is wholly a statutory right and strictly regulated by statute. Minn. St. 1941, § 580.25 (Mason St. 1927, § 9628). There is no contention that a lawful redemption was made by Hoeft's tender of the money to the sheriff, for no appeal as to the dismissal of the sheriff was taken.

Redemption from the foreclosure sale of the second mortgage was made by defendant Schwieger, the holder of an assignment of the third mortgage, which had passed from Emma Koch to Zierke, and by the latter assigned to Schwieger. Zierke had also procured an assignment of the certificate issued by the sheriff on the foreclosure sale of the second mortgage; this Zierke also assigned to Schwieger. The court found that there was no conspiracy and that none of defendants had done any wrong or unlawful act against the judgment creditor, Hoeft. An examination of the record will convince an unbiased mind that the court's findings are well supported. As already stated, the fact was not disputed that the notes secured by the third mortgage represented $10,000 of money actually borrowed by Gustav C. Koch from his mother and that no interest had been paid thereon since 1937. This leaves little upon which to base a conspiracy to defraud or wrong anybody. The chief item relied on by appellant is found in an affidavit by Emma Koch filed in the moratorium proceeding or application of her father for an extension of the time to redeem from the second mortgage foreclosure. That affidavit, after stating that arrangements

had been made to purchase the third mortgage and the payment of $100, continues:

"that your affiant does not intend to enforce collection of said indebtedness against said Gustav C. Koch and Minnie Koch, but that your affiant is willing at all times to accept from said Gustav C. Koch and Minnie Koch whatever sums she has been compelled to advance to them in connection with said farm, not to exceed the sum of $1,000.00 in full payment of said indebtedness so assigned to her; that your affiant is willing to aid her father and mother to the very best of her ability and that your affiant realized that the said Gustav C. Koch and Minnie Koch have expended almost a lifetime of toil in building said farm up and that she wants to do everything that she possibly can to aid them in retaining possession and ownership of said farm."

The court below had the right to consider the purpose for which the affidavit was made. Based on said affidavit, a very extensive and searching cross-examination of Miss Koch was had. It really boiled down to this—that she was willing to accept from her father or mother $1,000 and cancel their indebtedness. It is to be noted that she did not say she would accept that sum from anyone else and cancel the indebtedness. No one was a party to the arrangement for the purchase of the third mortgage from the executors of the estate of her grandmother, Emma C. Koch, other than Emma Koch and her father. No law precluded Gustav C. Koch from purchasing the third mortgage in such fashion that it would not merge with his fee title. Moreover, he never paid his daughter any part of the money she paid for the assignment of the third mortgage. So the arrangement, if made, was for something to be done in the future. It was a *nudum pactum* as between Koch and his daughter, never carried out. It is correct, as stated in the first paragraph in the syllabus in Parker v. St. Martin, 53 Minn. 1, 55 N. W. 113:

"A subsequent lienholder cannot be deprived of his right to collect his debt by redemption, to the extent of the value of the prop-

erty over the amount paid to redeem, by the interposition of the liens of fraudulent and simulated securities."

But that is not applicable here, for no party to this action claimed that the third mortgage was fraudulent or a simulated lien, or that any part of the principal had been paid.

The defendant Zierke took an assignment of the sheriff's certificate of sale issued to the purchaser at the foreclosure of the second mortgage; and defendant Schwieger took an assignment of the third mortgage from Emma Koch through Zierke. Each of those defendants had a perfectly lawful right to do what he did. Of course Schwieger stood in no better position than Emma Koch; but she had a clear right to enforce the third mortgage, since her father had not repaid her any of the $1,000, the sum for which she had promised her father and mother to liquidate their indebtedness to her.

Because of the fact that the substituted plaintiff, Krahmer, was a lawyer and had represented the Kochs in trying to finance matters so as to avoid the loss of this farm, the record contains more unnecessary matters than otherwise would have been dragged in. It is not necessary to refer to them in this opinion. It is plain that upon the findings of fact, well supported by the record, the conclusion of law made by the trial court is right that "the plaintiff take nothing by this action, and said defendants have their costs and disbursements herein."

This conclusion avoids a consideration of the measure of damages and leaves only two assignments of error challenging two rulings on the introduction of the evidence assigned as erroneous (assignments 19 and 20). Mr. Gaarenstroom, the attorney for the Kochs, had been examined and cross-examined at considerable length. Then this question was asked (assignment 19): "You said now that the idea in this moratorium proceedings was that Emma consented to take $1,000 in full payment of the third mortgage indebtedness if her father were granted an extension?" The objection was made by the attorneys for Zierke and Schwieger that the question assumes a fact not in evidence. The court said that

if the words "in full payment" were left out the question would be proper. The next question (assignment 20) was:

"Is it true that in the moratorium proceedings Emma stated in her affidavit, and also you represented to Judge Haycraft, that if Gust Koch were granted the moratorium, or extension that she, Emma Koch, was willing at all times to accept from Gustav C. Koch and Minnie Koch whatever sums she had been compelled to advance to them in connection with said farm not to exceed the sum of $1,000, in full payment of said indebtedness so assigned to her?"

The witness answered before counsel for Zierke and Schwieger could object. They moved to strike the answer and interposed the same objection as to the preceding question. The objection was sustained. There was no exception; but counsel for plaintiff stated: "I do not think I will ask him anything more. I will let the affidavit speak for itself." It is obvious that plaintiff is not entitled to urge a new trial because of the above rulings of the trial court.

The order denying plaintiff's motion in the alternative for amended findings and conclusions of law or a new trial is affirmed.

Mr. Justice Streissguth took no part in the consideration or decision of this case.