[Filed April 30, 1885.]

## ALICE M. AIKEN *v.* AI COOLIDGE AND M. J. ADAMS, Ex'RS.

PLEADING—DEFECT AFTER VERDICT.—After verdict, a party who alleges the insufficiency of a pleading is required to point out such a defect as the verdict will not cure, either that it states a defective title or no title.

EXECUTORS AND ADMINISTRATORS—CLAIM AGAINST ESTATE—OBJECTIONS TO, WHEN WAIVED.—Where the affidavit to a claim against the estate of decedent contains the substance of the statutory requirements, but the claim is irregular in form and is rejected by the administrator on that account, he should specify the nature of his objections. Otherwise he will be deemed to have waived them.

ID.—PRESUMPTION.—After verdict, when the contrary does not appear, it will be inferred that an administrator qualified immediately after letters issued to him.

MARION COUNTY. Defendants appeal. Affirmed.

The facts are stated in the opinion.

*Tilmon Ford,* and *Rufus Mallory,* for Appellants.

*N. B. Knight,* and *W. G. Piper,* for Respondent.

THAYER, J.—The respondent alleges in her complaint that said George E. Aiken died in said county on the 23d day of

November, 1883, intestate; that said appellants on the 29th day of December, 1883, were duly appointed by the county court of Marion County administrators of the estate of said decedent; that on the 31st day of December, 1883, letters of administration were issued to the appellants by the said county court; that thereafter the appellants duly qualified and entered upon the discharge of their duties as such administrators, and ever since had been and were duly qualified and acting as such; that at the time of his death the said George E. Aiken left surviving him the respondent, his widow; that during his life, and on or about the 23d day of March, 1882, the respondent loaned him $4,500, to be repaid to her on demand, with interest, and on the —— day of May, 1884, the respondent presented to the appellant, as such administrator, for allowance, the said claim, duly verified by her affidavit, and demanded its allowance, but that they refused to allow it, and rejected said claim. A copy of the claim, as presented to the said administrators, was attached to the complaint as an exhibit. The complaint contained the usual allegations of non-payment of the claim, and prayer for relief. The appellants interposed a demurrer thereto upon the grounds that it did not state facts sufficient to constitute a cause of action, which, having been overruled, they filed an answer controverting the allegations of the complaint. The issue so formed was tried by a jury, who returned a verdict for the said amount of said claim; whereupon the judgment appealed from was entered.

The case comes here simply upon the pleadings and judgment, no bill of exceptions having been made. The grounds of error relied upon are confined to alleged defects in the complaint, one of which is the form of the claim alleged to have been presented to the appellants, as such administrators, and the other is that the complaint does not show that six months had expired after the granting of the letters of administration, and before the time of the commencement of the action. The appellants, after their demurrer to the complaint was overruled, answered over. This did not waive any

defects in the complaint, but, after verdict, the court will give every reasonable intendment in favor of it. At such a stage of the proceeding, a party alleging the insufficiency of the pleading is necessarily required to point out such a defect as the verdict will not cure. It must be shown to contain a defective title, or that it totally omits to state any title or cause of action. It will not be sufficient in such a case to show a defective statement of a title or cause of action. (*Stennell* v. *Hogg*, 1 Saund. 228, notes *b* and *c;* and also n. *m.*)

The objection to the form in which the claim is stated, if well taken, would go to the cause of action, and render the complaint defective. But we do not think that the objection in this case was fatal. The claim was not made out in the usual way. The ordinary mode in making out claims against the estate of a deceased party is to state an account, and then verify it. In this case the claim was included in a general affidavit. The respondent deposed to the fact that the estate was indebted to her in the amount; that there were no legal set-offs or counter-claims existing against it; that no payment had been made thereon, and that the amount was due her. This is the substance of the statutory requirements. Besides, the appellants ought not to be permitted to complain upon that ground. They rejected the claim generally. Their refusal to allow it should have been for the special reason that it was not formally made out, otherwise they should be deemed to have waived the objection.

The other ground of objection to the complaint, that it does not show that six months intervened between the granting of letters of administration and the time of the commencement of the action, is untenable. The record shows that more than six months elapsed between the issuance of the letters and the commencement of the action, although the complaint does not show the particular time when the appellants qualified; but we are of the opinion that after verdict it will be inferred that they qualified immediately after the letters issued. It certainly was their duty to have done so; and we think, under the circumstances, we may presume that they performed their duty. They

knew·when they did qualify, and could have averred that the period had not expired in which they were exempted by·law from being· sued. If the questions were new, I should be inclined to hold that, unless it appeared upon the face of the complaint affirmatively that the action had been commenced within the six months, the appellants would have to interpose a plea in the nature of a plea in abatement, setting forth the fact, and that by answering to the merits they would be deemed to have waived the point. I regard the matter as only dilatory; but in the case of *Wells* v. *Applegate*, 10 Oreg. 519, this court seems to have placed its decision of a similar question upon other grounds. The appellants, instead of setting up in their answer the fact alluded to, traversed the general allegations of the complaint. Individually I am inclined to the opinion that would waive any objection of that character. However, as the court can infer that the appellants qualified at once after letters of administration issued to them, as before concluded, it is not necessary to consider the matter of abatement.

The record fails to disclose any error; and the judgment appealed from will therefore be affirmed.