Argued June 27, reversed and remanded August 20, 1979

# WILSON,
*Appellant,*
*v.*
# CULBERTSON,
*Respondent.*

## (No. 184-840, CA 13904)

599 P2d 1163

Kent Morris, Jr., Portland, argued the cause and filed the brief for appellant.

Brad Littlefield, Portland, argued the cause for respondent. With him on the brief was Goldsmith, Siegel, Engel & Littlefield, Portland.

Before Schwab, Chief Judge, and Tanzer and Roberts, Judges.

TANZER, J.

**TANZER, J.**

Plaintiff brought this action against the personal representative of an estate to recover damages for loss of personal property. Defendant filed a plea in abatement, contending that the claim against the estate was barred because it had not first been presented to the personal representative as required by ORS 115.005(1). The district court sustained the plea in abatement because it concluded that plaintiff had not complied with the statutory requirements for presenting a claim against an estate. Plaintiff appeals and we reverse.

Defendant is the personal representative of the estate of the proprietress of a leather cleaning business which in September, 1977, a month before her death, accepted two coats from plaintiff for cleaning. In December, 1977, plaintiff attempted to reclaim his coats from decedent's leather cleaning establishment, but the coats were not returned to him.

On September 14, 1978, plaintiff's attorney wrote a letter to the decedent's business demanding return of the coats or payment of $560, the asserted value of the coats.[1] On October 13, 1978, the reply to that letter came from defendant's attorney expressly on behalf of decedent's estate.[2] It acknowledged receipt of the demand letter and concluded:

> "My investigation of the facts surrounding this matter lead[s] me to conclude that there is no liability upon the part of my client, therefore, your claim is herewith denied."

ORS 115.005(1) provides that "claims against the estate of a decedent * * * shall be presented to the personal representative." Where, as here, a claim

---

[1] We infer from the record that plaintiff was not aware that El Rita Culbertson had died almost a year before. Timeliness of the notice is not an issue.

[2] Defendant, as personal representative of the decedent, had published notice that persons having claims against the estate should present them to defendant's attorney.

[477]

made by letter to decedent's business establishment was transmitted to and answered by defendant's attorney on behalf of the estate, the personal representative has notice of the claim and opportunity to resolve it. Hence, even though the claim is made indirectly rather than directly, all purposes of ORS 115.005(1) have been accomplished. Accordingly, we hold that the claim has been "presented" to the personal representative within the meaning of the statute.[3]

■ Defendant also contends that because plaintiff's letter did not include plaintiff's address, it was insufficient for failure to meet the formal requirements of a claim as set out in ORS 115.025(3). ORS 115.035 provides that "[a] defect of form of a claim timely presented may be waived by the personal representative or by the court." Defendant's attorney in fact received the claim and responded to it as though it were a proper claim against the estate. His letter to plaintiff did not point to any defects and it purported to deny any liability on the claim. The denial of the claim on its merits by the personal representative is a waiver of an objection to an error of form which has no tendency to mislead. *Cf. Aiken v. Coolidge,* 12 Or 244, 246, 6 P 712 (1885).

Reversed and remanded.

---

[3] Defendant points out that ORS 115.135(1) provides that the personal representative shall file a copy of the notice of disallowance of a claim in the estate proceeding. He urges that because he did not do so, the letter denying the claim should *not* be regarded as a notice of disallowance. To the contrary, the failure to file is attributable to defendant; there is no reason why his omission should serve to bar plaintiff's claim.