[Civ. No. 20621. Third Dist. Mar. 26, 1982.]

Conservatorship of the Person and Estate of EMMA BELLE GOLLOCK.
DON E. SHARP, Petitioner and Appellant, v.
EMMA BELLE GOLLOCK, Objector and Respondent.

COUNSEL

N. Perry Moerdyke, Jr., and T. Patrick Hannon for Petitioner and Appellant.

Goldstein, Barceloux & Goldstein, P. M. Barceloux, Burton J. Goldstein, Ralph Golub, Reed Hunter, John Dacey and David E. Gunn for Objector and Respondent.

OPINION

**PUGLIA, P. J.**—Appellant, Don E. Sharp, filed a petition for the appointment of a conservator for his mother, respondent Emma Belle Gollock. The matter was tried to a jury which rendered a special verdict in respondent's favor. Judgment was entered for respondent who thereafter filed a cost memorandum. Appellant moved to tax costs. A hearing was held, at which both parties and their attorneys were present. After taking the matter under submission the court awarded respondent costs of $2,400, approximately $450 less than requested in the cost bill.

Counsel for appellant has filed an appeal from the order allowing costs. His sole contention is that the trial court was guilty of misconduct and abuse of discretion. He bases this claim upon the concluding colloquy among participants at the hearing on the motion to tax costs which we include here in its entirety:

"THE COURT: Anything further, Mr. Hannon [counsel for appellant]?

"MR. HANNON: No, Your Honor, submit it.

"MR. GUNN [counsel for respondent]: Submitted, Your Honor.

"THE COURT: All right, thank you, gentlemen. Good to see you, Mrs. Gollock. All right, you will have the decision within three or four days.

"MR. HANNON: Thank you, Your Honor.

"MR. GUNN: Thank you. Thanks to the Court for seeing us before the Court retired to chambers."

■ The claim of misconduct and abuse of discretion derives from the court's express acknowledgment of respondent Gollock but not of appellant Sharp. Appellant asserts "that the acknowledgment of the presence of one party while ignoring the other party is an abuse of discretion or at least an indication of an abuse of discretion. . . . [¶] At the very minimum, acknowledgment of the presence of Mrs. Gollock on the record while ignoring appellant, also present, gave the appearance of impropriety! Certainly no court can condone this conduct."

■ On the contrary, what the court cannot, and will not condone, is the prosecution of a frivolous appeal. A groundless appeal is an abuse of the judicial process which imposes burdens on the appellate court and other litigants as well as on the respondent (*Nelson* v. *Crocker Nat. Bank* (1975) 51 Cal.App.3d 536, 541 [124 Cal.Rptr. 229]). When all reasonable minds would agree that the points raised on appeal by an appellant are so lacking in any semblance of merit that no reversal of the trial court's judgment is possible, the appeal is frivolous. (*Estate of Walters* (1950) 99 Cal.App.2d 552 [222 P.2d 100].) ■ This appeal is an exemplar of the described class. Appellant's attempt to impress an obvious transient formality with the character of judicial impropriety is extravagantly absurd.

On this record we are unable to say and therefore withhold comment upon whether this appeal appears to counsel "legal or just" (Bus. & Prof. Code, § 6068, subd. (c)) or is not taken in good faith (rule 2-110 (C), Rules Prof. Conduct of State Bar). Although counsel's subjective intent eludes us, we can say with entire confidence that, judged by any reasonable objective standard, this appeal has no chance of success. Sanctions for the prosecution of a frivolous appeal are therefore in order whatever may be the intent or motive of counsel in prosecuting this appeal. (Code Civ. Proc., § 907; rule 26(a), Cal. Rules of Court.)

The order allowing costs is affirmed; the sum of $500 damages will be added to the costs on appeal to be borne by appellant's counsel and to be recovered by respondent Gollock.

Regan, J., and Blease, J., concurred.