**Basil J. PETERSON, and Gladys A. Peterson, Appellants,**

v.

**James B. MARSTON and Jeannine Rinde, Respondents.**

**No. C0-83-1888.**

Court of Appeals of Minnesota.

May 22, 1984.

Review Granted Aug. 3, 1984.

---

1. We do note from the record that a motion for a new trial was made, but was not timely.

C. Thomas Wilson, Gislason, Dosland, Hunter & Malecki, New Ulm, for appellants.

David R. Von Holtum, Von Holtum, Hand, Malters & Shepherd, Worthington, for respondents.

Heard, considered and decided by POPO-VICH, C.J., PARKER and LANSING, JJ.

## OPINION

LANSING, Judge.

This is an appeal from a trial court judgment denying a claim arising from a con-

tract for deed between appellants and Roger Lehman, the deceased husband of Jeannine Rinde. The sole issue raised on appeal is whether a letter written to the attorney for the estate was a valid claim for distribution from the estate. The trial court ruled that this letter was not a claim under the Minnesota Probate Code. We reverse.

## FACTS

On August 30, 1978, Basil and Gladys Peterson, residents of Arizona, entered into a contract for deed to sell land located in Mountain Lake, Minnesota, to James Marston and Roger Lehman. Two weeks later, Roger Lehman died. The contract for deed was for $8,500, with $500 to be paid on execution of the contract and the remaining $8,000 to be paid in three equal annual installments. Although the $500 payment was made, no other payments were made under the contract.

Shortly after Roger Lehman's death, the Petersons saw a notice in the Mountain Lake local newspaper informing creditors of the Roger Lehman estate to present their claims within four months after the date of the clerk's notice or else their claims would be forever barred. The notice did not list a personal representative; rather, it listed L. Douglas Storey as the attorney for the estate. The Petersons knew that Storey was the same attorney who had drawn the contract for deed.

After reading the creditor's notice, the Petersons wrote a letter to Storey which stated, in relevant part:

> In regard to the contract for deed with Roger as part of the contract. We noticed by the paper that all debts of the estate must be turned in to the attorneys within four months. Does this affect our contract?
>
> Would you please advise us if any action is necessary.

When Storey received this letter, a personal representative still had not been appointed for the estate. Storey sent a response to appellants, stating:

> * * * I can tell you that it is not necessary to file anything with the Probate Court in regard to the contract for deed. The contract will continue under the same terms and conditions as set out. Roger's interest in the contract for deed will be spelled out in the estate and at the conclusion of the estate his interest will be decreed to Jen as the beneficiary, but as far as you as the seller are concerned, nothing changes.

Jeannine Rinde, Roger Lehman's widow, was appointed personal representative of the estate two days later. She was the sole heir and beneficiary of the estate.

After the first payment was missed on September 1, 1980, Storey advised the Petersons that they should have an attorney of their own. The Petersons initiated this suit against James Marston as vendee under the contract and Jeannine Rinde. Marston did not appear at the trial and was determined to be in default. Rinde had disclaimed her interest in the real estate conveyed under the contract for deed, and the property was not listed in the inventory of the estate. The estate closed January 24, 1983.

## ISSUE

Was there a valid claim made against the estate of Roger Lehman?

## ANALYSIS

I

■ Minn.Stat. § 524.3–804 (1982) sets forth the procedure for presenting claims against a decedent's estate:

> (1) The claimant may deliver or mail to the personal representative a written statement of the claim indicating its basis, the name and address of the claimant, and the amount claimed, or may file a written statement of the claim, in the form prescribed by Rule, with the clerk of court. The claim is deemed presented on the first to occur of receipt of the

written statement of claim by the personal representative, or the filing of the claim with the court. If a claim is not yet due, the date when it will become due shall be stated. * * *

The provisions of Minnesota's probate code are to be liberally construed. Minn.Stat. § 524.1–102(a) (1982). It is expected that a person of ordinary intelligence can prepare a claim statement without relying on the technical knowledge of a lawyer. A claim may be stated in general terms; it need not state all the particulars. *See* 2 *Minn. Probate L. Digest,* § 33.20 (1982).

Rinde claims that the Petersons' letter to Storey is insufficient to establish a claim because it was not sent to the personal representative, it did not state the basis or the amount claimed, and it was an inquiry rather than a claim. It is clear that the letter does not technically comply with the statute. However, since the probate code is to be construed liberally, we do not believe the asserted defects are fatal.

The newspaper notice informing creditors of the need to present claims did not name Rinde as the contact person, since she was not designated as personal representative at the time. The attorney for the estate was listed in the notice and it was reasonable for the Petersons to address their concerns to him.

A formal basis for a claim and statement of the amount should not be required in this case. The letter from the Petersons, written in direct response to the creditor's notice, clearly referred to the contract entered into by the Petersons with the decedent shortly before his death. In fact, attorney Storey testified that he was intimately aware of all of the terms and conditions contained in the contract and understood the letter to specifically refer to the contract.

Rinde contends that under our statute a claimant must clearly intend to present a claim. In agreeing with Rinde, the trial court interpreted the Petersons' letter as an inquiry rather than a claim. Emphasis was placed on the request, "[w]ould you please advise us if any action is necessary"

as indicative of their lack of intent to take further action. However, this reasoning fails to take into account the effect of Storey's letter. Basil Peterson testified at trial that he understood according to the letter that there was no need to do anything more.

Attorney Storey's response to the Petersons' letter supports the view that no further action was required, since he specifically told them it was "not necessary to file anything with the Probate Court in regard to the Contract for Deed." He explained that the contract would continue under the same terms and conditions and that the decedent's interest would be decreed to his wife as beneficiary. Storey testified that this response was written in his capacity as attorney for the estate.

In a similar fact situation, the Wisconsin Supreme Court treated a letter written by the attorney for the personal representative as the letter of the personal representative herself. *In the Matter of the Estate of Lecic v. Lane Co.,* 104 Wis.2d 592, 312 N.W.2d 773 (1981). In *Lecic* the Wisconsin Court noted that there was no assertion that the attorney did not have authority to act on behalf of the personal representative. *Id.* at 611, 312 N.W.2d at 782. Similarly, although it is disputed whether Rinde knew of the letter, there is no assertion of lack of authority. Storey continued to represent the estate and acted as the attorney for Rinde in her capacity as the personal representative through the closing of the estate and the commencement of this suit.

 Storey's response clearly indicates that he treated appellants' letter as a claim. The Petersons could and did rely on the language of Storey's letter to mean that everything that needed to be done in response to the notice had been done. Thus, we hold that a valid claim was made against the estate of Roger Lehman.

## II

 Having determined that appellants made a valid claim, we also find that the claim is allowable. Under our Probate

Code, the failure of the personal representative to deny a claim within the time restrictions renders the claim allowable. Minn.Stat. § 524.3–806 (1982). Whether Rinde had personal knowledge of the claim is not determinative when a notice to creditors fails to name a personal representative and instead lists the attorney for the estate. Since the personal representative did not deny the claim and did not petition the probate court for disallowance, the appellants' claim must be allowed.

### DECISION

Appellants' letter to attorney Storey constituted a valid claim against the estate. The claim is allowed because the personal representative failed to send a notice of disallowance within the statutory period.

Reversed.