Basil J. PETERSON and Gladys A.
Peterson, Respondents,

v.

James B. MARSTON and Jeannine
Rinde, Petitioners.

No. C0-83-1888.

Supreme Court of Minnesota.

Feb. 8, 1985.

David R. Von Holtum, Worthington, for petitioners.

C. Thomas Wilson, New Ulm, for respondents.

AMDAHL, Chief Justice.

We must determine whether a letter, written by respondents Basil and Gladys Peterson to the attorney for decedent Roger Lehman's estate, constituted presentment of a claim against the estate under Minn.Stat. § 524.3–804(1) (1982). The trial court found that no claim was made by the Petersons' letter. The Court of Appeals disagreed and reversed, finding that the Petersons' letter did constitute a properly presented claim. 348 N.W.2d 814. We must decide whether the letter did present a claim against the estate and, if so, whether that claim was allowed. We affirm.

On August 30, 1978, Basil and Gladys Peterson entered into a contract for deed, selling a parcel of land in Mountain Lake, Minnesota, to James Marston and Roger Lehman. The price of the land was $8,500. Marston and Lehman each paid $250 at the time the contract was entered into. The remaining $8,000 was to be paid in equal installments on September 1, 1980, September 1, 1981, and September 1, 1982. The interest rate under the contract was 8% per year.

Roger Lehman died on September 14, 1978. L. Douglas Storey, the attorney for the estate, published a legal notice concerning the probate of Lehman's estate. The Petersons, who live in Arizona, learned of Lehman's death from the notice in the Mountain Lake Observer. They wrote a letter to Storey on October 18, 1978, in response to this notice. Storey was listed in the notice as attorney for the estate. In the letter, the Petersons said:

In regard to the contract for deed with Roger as part of the contract. We noticed by the paper that all debts of the

estate must be turned in to the attorneys within 4 months. Does this affect our contract?

Would you please advise us if any action is necessary.

On October 24, 1978, Storey replied to the Petersons:

In answer to your letter of October 18, 1978, I can tell you that it is not necessary to file anything with the Probate Court in regard to the Contract for Deed. The Contract will continue under the same terms and conditions as set out. Roger's interest in the Contract for Deed will be spelled out in the estate and at the conclusion of the estate his interest will be decreed to Jen as the beneficiary, but as far as you the seller are concerned, nothing changes.

Storey testified that he responded to the Petersons in his capacity as attorney for the estate. Storey was aware of the contract for deed because his firm had drafted it and he signed it as notary. He was "generally aware" of the details of the contract. He said that when he wrote the letter, the contract was in full force and effect and the next payment was not due until September 1, 1980, almost 2 years in the future. Since there was no late payment, he saw no reason for the Petersons to make a claim.

On October 26, 1978, 2 days after Storey replied to the Petersons' letter, Jeannine Lehman (now Jeannine Rinde), the surviving spouse of Roger Lehman, was appointed personal representative of the estate. Jeannine Rinde was also the residual devisee of the estate.

Basil Peterson understood from Storey's letter that the contract for deed would be carried out and that there was no need to file a formal claim. He filed no formal written claim with the probate court because he understood that he did not need to do so. Storey never discussed the letter with the Petersons after it was sent. Peterson was never contacted by either Storey or Rinde telling him to do anything other than what Storey's letter had indicated. The Petersons had no other deal-ings with the contract for deed prior to the time the first payment was due in September of 1980. To date, the Petersons have received no principal or interest payments due under the contract.

The inventory and appraisement of the estate was completed by Jeannine Lehman Rinde on May 30, 1979, and filed with the court on August 20, 1979. The inventory did not include either the contract for deed or the property. The final account hearing was held on October 11, 1979. The estate stayed open, however, because the Minnesota inheritance tax had not yet been paid. The tax was paid on an installment basis, and the estate was closed on January 24, 1983. The property involved in the contract for deed was not included in the decree of distribution of the estate. The net assets of the estate exceeded the outstanding debt on the contract for deed.

Jeannine Lehman Rinde testified that she did not know of the contract for deed at the time of her husband's death, or when the inventory was prepared. She never received a copy of the Petersons' letter to Storey, and Storey never brought the letter to her attention. She first learned of the contract when Gladys Peterson wrote to inform her that payments were in default. The Lehman estate never sent the Petersons a disallowance of the claim based on the contract for deed.

The Petersons commenced this action in district court for specific performance of the contract. The trial court rendered judgment for Jeannine Rinde, finding that no claim was made by the Petersons' letter. The Petersons appealed, contending that their letter to Storey did sufficiently present a claim against the estate. The Court of Appeals reversed the trial court, finding that the Petersons' letter did constitute a properly presented claim. The Court of Appeals also found that the claim had been allowed due to the failure of the personal representative to disallow the claim.

1. Minn.Stat. § 524.3–801 (1982) provides that upon filing of a petition for appointment of a personal representative, notice shall be published which gives the

name and address of the personal representative and notifies creditors of the estate to present their claims within 4 months of the publication or be forever barred from asserting them against the estate. A claim may be presented to the personal representative of the estate or filed with the court. Minn.Stat. § 524.3–804(1) (1982) provides that the claim indicate "its basis, the name and address of the claimant, and the amount claimed." The claim should also describe when it shall become due if not yet due, the nature of its uncertainty if a contingent claim, and any security if the claim is secured. Failure to describe the due date, security or contingency of a claim "does not invalidate the presentation made." Minn.Stat. § 524.3–804(1) (1982).

■ While it is important that the 4-month limit on filing of claims be strictly observed in order to encourage the speedy disposition of estates, it is not as important that the required manner of giving notice of a claim be strictly followed. As long as the estate receives reasonable notice of the claim by the required time, the claim should be deemed submitted to further both speedy disposition of the estate and the meeting of bargained-for obligations. *See Strong Bros. Enterprises, Inc. v. Estate of Strong*, 666 P.2d 1109 (Colo.Ct.App. 1983) (interpreting Colo.Rev.Stat. § 15–12–804(1) (1973), which is identical to Minn. Stat. § 524.3–804(1) and 3–804 of the Uniform Probate Code).

■ The Petersons' letter must therefore meet the requirements of Minn.Stat. § 524.3–804(1) in order to be a properly presented claim: a claim must be made, presented to the personal representative, and identify its basis, its amount, and the claimant.

The trial court ruled that the language of the letter could not be interpreted as a claim by the Petersons. First, the trial court found that the question "what do we have to do, if anything?" in the letter indicated that it was merely a letter of inquiry. Second, the final line, "would you please advise us if any action is necessary," indicated to the trial court that the Petersons

had no present intent to act. The trial court thus determined that the letter was not a claim. The Court of Appeals disagreed, finding that the trial court placed undue emphasis upon the Petersons' request for advice and that the Petersons did intend to make a claim. The Court of Appeals noted that Storey's reply letter treated the Petersons' letter as a claim, and that the Petersons relied on Storey's letter to mean that no further action was necessary.

■ A claim is a demand, an assertion of the right to payment. The trial court focused on the Petersons' request about what to do, and their inquiry as to whether any action was necessary, in finding no intent to make a claim. The letter did not explicitly demand payment of the contract. In the context of the letter as a whole, however, the Petersons' inquiry about what to do is evidence of present intent to make a claim. The letter was expressly written in response to the published notice to make claims and the Petersons were expressly concerned about turning in debts to the estate in 4 months. The Petersons were acting with the intent to protect their right to payment under the contract for deed. The requests for advice did not indicate a lack of intent to pursue the claim, but merely indicated that the Petersons did not know how to go about making the claim. The letter as a whole indicates their intent to receive payment under the terms of the contract, and their concern to preserve their right to payment in light of the notice to present claims against the estate.

The statute also requires that the claim be presented either to the personal representative of the estate or the court. Minn. Stat. § 524.3–804(1) (1982). The Petersons' letter was addressed and presented not to Jeannine Rinde, the estate's personal representative, but to Douglas Storey, the attorney for the estate. Storey never showed Rinde the letter or discussed it with her.

■ In *Strong*, the Colorado Court of Appeals found that a letter of claim presented to the attorney for an estate

satisfied the requirement of notice to the personal representative. The court ruled that the attorney, as attorney for the personal representative, had the authority to receive a claim on behalf of the personal representative. 666 P.2d at 1112. The receipt of a claim by the attorney for an estate has been referred to as a ministerial act within the attorney's authority, since mere receipt does not involve a determination of whether the claim, once presented, will be allowed or disallowed by the personal representative. *In Re Estate of Clark*, 11 Ohio Misc. 103, 229 N.E.2d 122 (Ct.Com. Pleas 1967). *See Wilson v. Culbertson*, 41 Or.App. 475, 599 P.2d 1163 (1979) (letter of claim directed to and answered by the estate's attorney deemed presented to the personal representative; such an indirect claim suited the purpose of the requirement that claims be presented to the personal representative). We find *Strong* persuasive, and rule that a letter of claim presented to the attorney for an estate constitutes notice of that claim to the personal representative. Furthermore, the published notice, by listing Storey, implied that he had authority to receive any claims which the notice would prompt.

■ The final requirement of the statute is that a claim identify the basis for and amount of the claim and the name of the claimant. Generally, the form in which a claim is presented is not important as long as it contains sufficient information to enable the personal representative to determine its extent and character. *See Nathanson v. Superior Court*, 12 Cal.3d 355, 115 Cal.Rptr. 783, 525 P.2d 687 (1974); *Estate of Sayles*, 130 Cal.App.3d 271, 181 Cal.Rptr. 543 (1982); *State v. Griffin*, 171 Conn. 333, 370 A.2d 1301 (1976); *Schwarzschild v. Binsse*, 170 Conn. 212, 365 A.2d 1195 (1976).

■ In this case, the letter clearly identified the Petersons as the claimants. The letter also referred to "our" contract with decedent Roger Lehman, thus identifying the contract for deed as the basis for the claim. Storey was aware of the contract for deed; he knew that his firm had drafted it, he notarized it himself, and he was "generally aware" of its terms. The contract was signed only 2 weeks before Roger Lehman's death, so Storey would have understood the reference to a contract with the decedent as referring to the recent contract for deed. Because of his familiarity with the contract, specific mention of the amount due was not necessary; Storey's familiarity with and access to the contract constituted notice of the amount claimed. In *Strong*, the Colorado Court of Appeals ruled that while a letter written to the attorney for the personal representative may not have been sufficiently clear to apprise a stranger to the transaction of the nature of the claim, the letter was sufficient to present a claim to the attorney because he had represented the decedent and had drafted the agreement that gave rise to the claim. 666 P.2d at 1112. The letter thus fulfilled the general requirement of the statute that reasonable notice of the claim be given. *Id.*

■ The Petersons' letter indicated the Petersons' present intent to make a claim against the Lehman estate, was presented to the attorney for the estate in accord with the terms of the published notice to creditors, and sufficiently described the basis and amount of the claim in light of the attorney's knowledge of the contract to constitute proper notice of the substance of the claim. The letter thus constituted presentment of a claim against the estate and did reach the attorney for the estate well within the 4-month statute of limitations.

2. Minn.Stat. § 524.3–806(a) provides that:

> As to claims presented in the manner described in section 524.3–804 within the time limit prescribed * * * the personal representative may mail a notice to any claimant stating that the claim has been disallowed. If, after allowing or disallowing a claim, the personal representative changes his decision concerning the claim, he shall notify the claimant. * * Failure of the personal representative to mail notice to a claimant of action on his

claim for two months after the time for original presentation of the claim has expired has the effect of a notice of allowance, except that upon petition of the personal representative and upon notice to the claimant, the court at any time before payment of such claim may for cause shown permit the personal representative to disallow such claim.

The statute places an affirmative duty on the personal representative, once a claim has been presented, to notify the claimant of disallowance. The Court of Appeals ruled that the Petersons' claim was allowed because the personal representative failed to disallow the claim within 2 months of the closing of the 4-month claim period.

Despite Rinde's lack of knowledge of the claim, which was not the fault of the claimants, her failure to affirmatively disallow the claim within 2 months of the close of the 4-month claim period resulted in allowance of the claim. The statute does provide, however, that anytime before payment of the claim, the personal representative can petition the court for cause shown to permit disallowance of the claim. Since payment of the claim has not been made, Rinde has the right to petition for disallowance.

The decision of the Court of Appeals is affirmed.

SIMONETT, Justice (dissenting).

I do not think that the plaintiff Petersons' inquiry about whether to make a claim is a claim, and to say that it is can only introduce mischief into probate practice.

When, in response to the Petersons' inquiry, the personal representative's attorney assured the Petersons that it was not necessary to file any claim, the personal representative was thereby estopped from subsequently asserting that the filing of a claim was necessary. Particularly should estoppel apply here when, contrary to the representations made, the personal representative, without advising the Petersons, abandoned the contract for deed and omitted it from the estate's inventoried assets. The problem is that during the entire 5 years the estate was open, the Petersons made no effort to file a claim, even after all three annual payments under the contract for deed went unpaid and even though the estate's attorney advised them, after the first annual defaulted payment, to get an attorney. Eventually, plaintiffs did retain counsel and started this lawsuit some 5 months before the probate was closed. Even though plaintiffs did not plead fraud or estoppel, these issues were litigated. The trial court concluded there was no fraud and also concluded that even though plaintiffs might have been initially misled by the initial representations, subsequent events put them on timely enough notice to file a claim, which, however, they did not do. I cannot say that these findings of the trial court are clearly erroneous.

The Petersons did not sue the personal representative nor otherwise elect to proceed in probate court, but instead sued Jeannine (Lehman) Rinde in her individual capacity, apparently pursuant to Minn.Stat. § 524.3–1004 (1982), which provides that "[a]fter assets of an estate have been distributed * * * an undischarged claim not barred may be prosecuted in a proceeding against one or more distributees." Ordinarily, whether a claim in probate was duly made and whether it should be deemed allowed or disallowed would seem to be questions that come within the exclusive jurisdiction of the probate court, but as this case was tried there were also other issues of fraud, breach of contract and estoppel, all of which were pertinent to the issue of whether plaintiffs had an "undischarged claim." Moreover, the legislature has provided by law for a cause of action for an undischarged claim against a distributee in a separate court action, and, in my opinion, the district court has jurisdiction in this kind of proceeding to decide all issues.

For these reasons, I respectfully dissent. I would reverse and affirm the trial court.

WAHL, Justice (dissenting).

I join in the dissent of Justice Simonett.

COYNE, Justice (dissenting).

I join in the dissent of Justice Simonett.