**In re the ESTATE OF Walter D. KUCKENBECKER, Deceased.**

**No. C8–85–1383.**

Court of Appeals of Minnesota.

March 4, 1986.

Randolph T. Brown, Brown, Saetre & Sellnow, for the estate.

Rodger J. Johnston, Long Prairie, for respondent Bank.

Considered and decided by HUSPENI, P.J., and FOLEY and NIERENGARTEN, J., with oral argument waived.

## OPINION

NIERENGARTEN, Judge.

The estate of Walter D. Kuckenbecker appeals from the order of the probate court allowing a late claim filed by First National

Bank of Long Prairie against the estate. We reverse.

## FACTS

In April 1975 Walter D. Kuckenbecker gave the First National Bank of Long Prairie (bank) a promissory note secured by a mortgage on his homestead. Mr. Kuckenbecker died on December 25, 1982, and thereafter his brother petitioned to be appointed the representative of the estate in a formal administration. On January 6, 1983, the Todd County Probate Court issued, among other things, a notice to creditors that all claims against the estate were to be filed within four months of the date of notice.

During the ensuing four month period, the estate continued to pay the monthly mortgage payment to the bank. On a few occasions, the estate did not pay the monthly payment in a timely fashion; on each such occasion, however, payments were promptly made following telephone reminders from the bank.

The period in which to file claims expired on May 6, 1983. The bank never filed a claim with the estate during the four month period.

On September 27, 1984, the estate entered into an earnest money agreement for the sale of the homestead. Prior to this time, the estate ascertained that the mortgage on the homestead was assumable, and the estate negotiated the sale of the property with this fact in mind. The earnest money agreement provided that the buyers would assume the mortgage payments running to the bank.

The bank apparently argues that it understood the mortgage would be paid in full or renegotiated at a higher interest rate when the estate found a buyer. The bank argued to the trial court that it informed the estate that it would not permit an assumption of the existing mortgage. The estate disputes that the bank and the estate had any understanding or agreement related to the assumption of the mortgage.

On October 3, 1984, seventeen months after the time in which to file a claim had expired, the bank filed a claim for $19,627 with the estate. The estate denied the claim on November 2, 1984, and two days later entered into a contract for deed which provided that the mortgage would be assumed by the buyers. On November 6, the bank petitioned to have its claim heard. The contested matter was brought before the court in December solely on the written memorandums of the parties.

On June 6, 1985, the trial court issued its order allowing the bank's late claim against the estate. The court reasoned that the estate knew of the promissory note and mortgage, and, thus, had "informal notice of the existence of the bank's claim." Consequently, the court determined that the estate could have filed a written disallowance of the bank's claim before the bank actually filed its claim. The trial court further reasoned that because the bank believed the estate would pay off the note or renegotiate it upon finding a buyer, it had good cause for the late filing of the claim. The estate appeals from the trial court's order.

## ISSUE

Did the creditor bank show sufficient cause under Minn.Stat. § 524.3–803(c)(3)(ii) to justify the allowance of its claim against the estate, which claim was filed seventeen months after the statutory period for creditor's claims expired?

## ANALYSIS

Upon the filing of a petition for formal appointment of a general personal representative, notice by publication is to be given to creditors of an estate directing them to present their claims within four months of the date of the clerk's notice. Minn.Stat. § 524.3–801 (1984). When notice by publication has been given, claims against the estate, the personal representative, and the heirs and devisees of the decedent are barred, unless such claims are presented *"within four months* after the date of the clerk of court's notice to credi-

tors which is subsequently published pursuant to section 524.3–801 * * *." Minn. Stat. § 524.3–803(a)(1) (1984) (emphasis added).

Here the clerk's notice was filed on January 6, 1983. Consequently, the four month period in which creditors were to file claims expired on May 6, 1983. During this time, the bank did not file a claim against the estate. The bank later filed a claim on October 3, 1984. Because the claim was not filed within the four month period, it was clearly barred by statute. *See* Minn. Stat. § 524.3–803(a)(1).

The trial court, however, relied on *Peterson v. Marston*, 362 N.W.2d 309 (Minn. 1985), for the proposition that the required manner of giving notice of a claim is not of major importance so long as the estate has reasonable notice of the claim by the required time. In this regard, the trial court stated in its memorandum as follows:

> Because of the knowledge which the Estate had of the existence of the note and mortgage, coupled with its paying the installments on the note, it did have informal notice of the bank's claim and the Personal Representative at all times was able to identify the basis of the claim; [sic] its amount, and the claimant. In such a position, the estate could have made a written disallowance at any time.

We find that *Marston* is distinguishable on the facts, and is not controlling in this case. In *Marston*, a creditor wrote a letter to the estate of a debtor after learning of the debtor's death by the published legal notice. *Marston*, 362 N.W.2d at 310. In the letter, the creditor specifically inquired into the four month period and asked the estate's lawyer whether the contract for deed between the creditor and decedent was still effective. *Id.* at 310–11. The estate's attorney replied that the contract was still in force and that it was not necessary to file anything with the court. *Id.* at 311. Relying on the attorney's letter, the creditor did not file a formal claim with the estate. *Id.* Later, the estate's inventory did not include the contract for deed, and the creditor never received any principal or

interest payments. *Id.* The creditor thereafter sued for specific performance. *Id.*

The issue before the Minnesota Supreme Court was whether the creditor's letter presented a claim against the estate. *Id.* at 310. The court determined that the letter constituted the presentment of a claim, and stated that:

> While it is important that the 4-month limit on filing of claims be strictly observed in order to encourage the speedy disposition of estates, it is not as important that the required manner of giving notice of a claim be strictly followed. As long as the estate receives reasonable notice of the claim by the required time, the claim should be deemed submitted to further both speedy disposition of the estate and the meeting of bargained-for obligations.

*Id.* at 312 (citation omitted).

■ In this case, no written letters were exchanged that would have provided notice to the estate of the bank's claim. The mortgage deed between Mr. Kuckenbecker and the bank does not prohibit assignments and, thus, the estate was not on notice that the bank planned to demand payment in full upon the location of a buyer. As the trial court noted, neither the mortgage instrument nor note prevented assignment.

The trial court further found that the bank had good cause for the late filing of its claim because it was "under the impression that the Estate wished to sell the homestead of the decedent and when a buyer was found, would either pay off the note or renegotiate it so as to reflect a more current rate of interest." The estate denies having such an understanding with the bank.

Section 524.3–803 provides in part that nothing in Minn.Stat. § 524.3–803 prevents "a claim which would otherwise be barred hereunder upon allowance by the court upon petition of the personal representative or the claimant for *cause shown* on notice and hearing as the court may direct." Minn.Stat. § 524.3–803(c)(3)(ii) (1984) (emphasis added). The estate asserts that it

never understood the bank to desire payment in full or renegotiation and that the bank presented no evidence or testimony justifying the late filing.

 We agree with the estate that the bank failed to show sufficient cause to permit the filing of a claim after the expiration of the statutory four month period. While the bank may have proceeded with the understanding that the estate would pay the mortgage in full when it found a buyer, the estate relied on the fact that neither the mortgage nor the note prevented assignment. Thus, as the trial court noted in its memorandum, the estate was not on notice that the bank would demand payment in full at the time of decedent's death. In order to fully protect itself, the bank should have timely filed a claim against the estate. Accordingly, we find that the estate was not on notice of the bank's plan to demand payment in full, and that the trial court erred in allowing the filing of the bank's late claim. We therefore reverse the decision of the trial court. The bank will receive the money owed to it as the buyers continue to make the monthly payments. *See* Minn.Stat. § 524.3–803(c)(1) (1984).

### DECISION

The bank's claim was barred by Minn. Stat. § 524.3–803. The bank did not show good cause justifying the late filing under Minn.Stat. § 524.3–803(c)(3)(ii).

Reversed.