**In re ESTATE OF Arthur MOLDEN, Deceased.**

**No. C9–86–656.**

Court of Appeals of Minnesota.

Nov. 25, 1986.
Review Denied Jan. 2, 1987.

Harry D. Hohman, Wojtalewicz Law Office, Appleton, for Ronald Molden and Decedent.

John W. Riches, II, Swift Co. Atty., Benson.

Heard, considered, and decided by NIERENGARTEN, P.J., and WOZNIAK and SEDGWICK, JJ.

## OPINION

WOZNIAK, Judge.

The estate of Arthur Molden appeals from an order of the Swift County District

Court, probate division, which reopened the estate, allowed Swift County to present a claim for medical assistance, and granted the county a $42,879.88 mortgage on the Molden farm. We reverse.

## FACTS

Arthur Molden died testate on May 17, 1984. He was survived by three adult children.

Decedent had received medical assistance benefits from Swift County in the claimed amount of $42,879.88. On May 22, 1984, the county filed a demand for notice in informal proceedings pursuant to Minn. Stat. § 524.3–204 (1984). The estate, however, was probated in a formal proceeding. The demand for notice was misfiled in the court administrator's office and was never placed in the estate file. The parties do not dispute that neither the personal representative nor the attorney for the estate received notice that the demand had been filed.

The personal representative opened the estate by petition on June 12, 1984. Notice of the hearing on the petition for probate, the appointment of the personal representative, and notice to creditors were published in a local newspaper. The county *never* filed a claim against the estate.

The assets of the estate were distributed on June 10, 1985, and the estate was closed on June 21, 1985. On February 11, 1986, the county moved the probate court to re-open the estate and allow the county to file a claim. The court granted the county's motion, amended the final decree to allow the county's claim in full, and summarily placed a lien on the farm as security for the claim. The estate appeals.

## ISSUES

1. Did the county's demand for notice constitute the presentation of a claim against the estate for purposes of Minn. Stat. § 524.3–804(1) (1984)?

2. Did the trial court err in reopening the decedent's estate to allow the county to file its claim, and in summarily placing a lien on real property of the estate to secure the claim?

## ANALYSIS

■ 1. The trial court assumed that the demand for notice constituted the presentation of a claim against the estate. This was erroneous.

Minn.Stat. § 524.3–804(1) (1984) provides:

Claims against a decedent's estate may be presented as follows:

(1) The claimant may deliver or mail to the personal representative a written statement of the claim indicating its basis, the name and address of the claimant, and the amount claimed, *or may file a written statement of the claim, in the form prescribed by rule, with the clerk of the court.* The claim is deemed presented on the first to occur of receipt of the written statement of claim by the personal representative, or the filing of the claim with the court.

*Id.* (emphasis added).

Minn.Stat. § 524.3–204 (1984) governs the filing of demands for notice:

Any person desiring notice of any order or filing pertaining to a decedent's estate in which he has a financial or property interest, may file a demand for notice with the court at any time after the death of the decedent stating the name of the decedent, the nature of his interest in the estate, and the demandant's address or that of his attorney. * * After filing of a demand, no personal representative or other person shall apply to the court for an order or filing to which the demand relates unless demandant or his attorney is given notice thereof at least 14 days before the date of such order or filing, *except that this requirement shall not apply to any order entered or petition filed in any formal proceeding.*

*Id.* (emphasis added). Because this was a formal proceeding, the estate was not required to respond to the demand for notice.

The county relies on *Peterson v. Marston*, 362 N.W.2d 309 (Minn.1985), in sup-

port of its argument that the demand for notice constitutes a claim. Its reliance is misplaced. In *Peterson,* creditors of the estate sent a letter to the attorney for the estate, indicating their concern to preserve their right to receive payments from the estate under the terms of a contract for deed. The letter did not explicitly demand payment or mention the amount of the obligation. The court held that the letter constituted sufficient presentment of a claim under section 524.3–804(1):

> A claim is a demand, an assertion of the right to payment. The trial court focused on the Petersons' request about what to do, and their inquiry as to whether any action was necessary, in finding no intent to make a claim. The letter did not explicitly demand payment of the contract. In the context of the letter as a whole, however, the Petersons' inquiry about what to do is evidence of present intent to make a claim. The letter was expressly written in response to the published notice to make claims and the Petersons were expressly concerned about turning in debts to the estate in 4 months. The Petersons were acting with the intent to protect their right to payment under the contract for deed. The requests for advice did not indicate a lack of intent to pursue the claim, but merely indicated that the Petersons did not know how to go about making the claim. The letter as a whole indicates their intent to receive payment under the terms of the contract, and their concern to preserve their right to payment in light of the notice to present claims against the estate.

362 N.W.2d at 312.

This case presents a different situation. The legislature has established certain procedures to be followed in filing a claim against an estate. *Id.* § 524.3–801—817 (1984). It has established another procedure for demanding notice of orders and filings in an informal probate proceeding. *Id.* § 524.3–204. These are separate proceedings with distinct purposes. To hold that a demand for notice constitutes a claim against an estate would introduce

unnecessary confusion into probate practice.

■ 2. A claim arising at or after the death of the decedent must be presented within four months after it arises. Minn. Stat. § 524.3–803(b)(2) (1984). Because we hold that the demand for notice was not a claim, we must now determine whether the trial court erred in reopening the estate and allowing the county to file a claim after the statute of limitations had expired. The provisions of the probate code are to be liberally construed. Minn.Stat. § 524.1–102(a) (1984). It is within the sound discretion of the probate court to reopen a decedent's estate and allow the filing of a late claim. *Bulau v. Bulau,* 208 Minn. 529, 532, 294 N.W. 845, 847–48 (1940); *In re Estate of Hoppke,* 388 N.W.2d 754, 756 (Minn.Ct.App.1986). This discretion is to be liberally exercised in favor of claims that are prima facie valid. *In re Estate of Kucera,* 290 Minn. 501, 504, 186 N.W.2d 538, 540 (1971).

*Hoppke* involved a claim for medical assistance benefits. The county petitioned for allowance of its claim, even though the statute of limitations had expired, because there had been a misunderstanding as to which party was to contact the other after an itemization was sent by the county to the personal representative. The trial court granted the motion to reopen and allow the claim and this court affirmed, stating:

> [T]he parties have stipulated that the county's claim is valid. There is no evidence in the record of dilatory practices on the part of the county; the facts indicate that, regardless of the substance of the disputed conversation, the county proceeded reasonably diligently with its claim. * * * Under the unusual facts of this case, it would be unfair to deny the county's claim on the basis of this misunderstanding.

388 N.W.2d at 756.

Here, the county did not proceed diligently with its claim. Although the demand for notice was filed five days after decedent's

death, no claim was *ever* filed, though notice of the probate had been published. We realize that it was through no fault of the county that the demand for notice was misfiled and lost. Nevertheless, the demand for notice statute specifically excludes formal proceedings. Minn.Stat. § 524.3–204. This was a formal proceeding. Notice to creditors was published and all creditors had the opportunity to file timely claims with the court, or move the court before the estate was formally closed.

■ The county is not entitled to be treated differently than any other creditor in this situation. It has the same duty to follow the claims procedures set out in the probate code. *In re Estate of Gerhardt*, 369 N.W.2d 335, 337 (Minn.Ct.App.1985); *see also* Minn.Stat. § 256B.15 (1984) (claim for medical assistance benefits to be treated like any other expense of last illness). We conclude that the trial court erred in reopening the estate and allowing the county to file a late claim.

The trial court placed a lien on the Molden farm without allowing the estate the opportunity to contest its amount, priority, or validity. Because we reverse the trial court on other grounds and hold that the county's claim is barred, it is unnecessary to reach the issue whether the trial court erred by granting the lien in this summary fashion. However, had this been the only issue on appeal we would have reversed and remanded to the trial court to allow the estate to contest the amount, priority, and validity of the lien.

Our holding today may seem unduly harsh. We are aware that the burden of the medical assistance benefits paid by Swift County will now fall on the taxpayers. But at some point there must be finality in probate proceedings. Once an estate has been closed, the family and heirs are entitled to the assurance that, all creditors having had fair notice and opportunity to make their claims, any late claims of creditors—be they private creditors or the county—are barred.

## DECISION

The trial court is reversed. The county's claim for medical assistance benefits is barred as untimely and the lien imposed on the Molden farm is discharged.

Reversed.