Elsie R. HARTER, as Trustee Under Trust Agreement Regarding Foreclosure dated as of July 1, 1986, Respondent,

v.

Voigt O. LENMARK, and Estate of Catherine S. Lenmark, deceased, Appellants,

First Minnesota Savings Bank, F.S.B., Defendant.

No. C3–88–401.

Court of Appeals of Minnesota.

Aug. 30, 1988.

Review Granted Nov. 16, 1988.

David W. Larson, Steven C. Opheim, Dudley and Smith, P.A., St. Paul, Phillip Gainsley, Moss & Barnett, Minneapolis, for respondent.

William P. Luther, Robert H. Torgerson, Luther, Ballenthin & Carruthers, Minneapolis, for appellants.

Heard, considered and decided by LANSING, P.J., and SCHULTZ, and LOMMEN, JJ.*

## OPINION

A. PAUL LOMMEN, Judge.

Voigt O. Lenmark and the estate of his deceased wife, Catherine S. Lenmark, appeal the trial court's order for summary judgment, permitting respondent Elsie Harter to foreclose three junior mortgages made by the Lenmarks and to collect any deficiency due from the Lenmarks.

## FACTS

Appellants Voigt O. and Catherine S. Lenmark executed a series of mortgages on the same parcel of commercial real estate in St. Louis Park. On June 15, 1984, the Lenmarks executed and delivered the first mortgage on the property, for $365,-000, to First Minnesota Savings Bank (then Minnesota Federal Savings). The Lenmarks executed two junior mortgages on the same property, dated September 19, 1984, and April 17, 1985; and Voigt Lenmark alone executed a third junior mortgage on it on August 30, 1985. The first two junior mortgages were executed in favor of SWE Investments, Inc. and the third in favor of Kenneth Harter, its president.

All three of the junior mortgages were executed as security for promissory notes each executed on the same day as the mortgages. The first note, dated September 10, 1984, was in the amount of $150,000 plus annual interest of 17%. The note provided for a due date of July 7, 1985, with nine monthly interest payments of $2,125 beginning October 7, 1984.

The second promissory note, also for $150,000 with 17% interest, was dated April 17, 1985. The due date of the note was December 15, 1985, with eight monthly interest payments of $2,125 beginning May 15, 1985.

The third note, dated August 30, 1985, was also for $150,000 plus 17% interest. Voigt Lenmark executed and delivered this note to Kenneth Harter; Catherine Lenmark did not sign the note or mortgage of August 30 because she died August 19. The note had a due date of March 1, 1986, and seven monthly interest payments of $2,125 beginning September 1, 1985.

Kenneth Harter died on November 5, 1985. The rights under all three of the notes and mortgages were assigned to respondent Elsie Harter.

Each of the three junior mortgages contains a power of sale whereby in the event of default on the first mortgage (the one in favor of Minnesota Savings Bank), the holder of the junior mortgage is entitled to foreclose and sell the mortgaged property to satisfy the debt and attorney fees and costs.

Harter loaned Voigt Lenmark a total of $300,000, at the time of the first two promissory note/mortgage package transactions. The August 30 transaction did *not* involve an exchange of money. The high rate of interest on the loans reflected the risk involved in the business ventures Lenmark was pursuing with the capital. Voigt Lenmark claims that Harter and Lenmark had an oral understanding that the notes would automatically renew, extending the

---

* Acting as judge of the Court of Appeals by appointment pursuant to Minn. Const. art. 6, § 2.

time for repayment until the business ventures had matured.

When Harter died in November 1985, the first two notes were overdue under the dates specified in the notes. His wife, Elsie, brought this action to foreclose on the security.

Harter moved for summary judgment on the ground there was no admissible evidence that would create a genuine issue of material fact for trial: the $300,000 principal plus interest is overdue and she should be entitled to foreclose. Appellants opposed the motion, arguing that Kenneth Harter had orally agreed to extend the time for repayment of the note.

The trial court denied summary judgment, concluding that any evidence of an oral extension of time to repay would not be excluded by either the parol evidence rule or the statute of frauds.

In October 1987, the bank with the first mortgage foreclosed on the property and it was sold by sheriff's auction for $461,-299.57 to the same bank, First Minnesota Savings, with a six month redemption period.

The trial. court then granted summary judgment for respondent, upon a renewed motion. The court found that either the September 10, 1984 or the August 30, 1985 debt, and the April 17, 1985 debt, were still valid. The court found that no oral agreements were "of a character sufficient to work a binding modification or alteration" of the terms of the mortgages, including the repayment time. The court concluded that. the three mortgages were of equal priority; that the senior mortgage had been foreclosed; that the Lenmarks had defaulted under the three mortgages and Elsie Harter was entitled to foreclose on them; and that Voigt Lenmark and the estate of Catherine Lenmark were liable under the three notes and mortgages to Elsie Harter for principal, interest, and costs and attorney fees totalling $427,-686.63.

The property was directed to be sold at public auction and the proceeds distributed to respondent. If the proceeds were not sufficient, the court ordered that judgment be entered against Lenmark and the estate for the deficiency.

## ISSUES

1. Was respondent's action barred for failure to file a statutory claim within the four month statutory period?

2. As a matter of law was the estate of Catherine Lenmark liable under the August 30, 1985 mortgage?

3. Was there any issue of material fact as to whether the promissory notes were due on the dates specified in the notes?

4. Did the trial court err in awarding attorney fees to respondent?

## ANALYSIS

Viewing the evidence in the light most favorable to the non-prevailing party, this court must determine on appeal whether there are any genuine issues of material fact and whether the trial court erred in its application of the law. *Betlach v. Wayzata Condominium*, 281 N.W.2d 328, 330 (Minn.1979). The court should assume the facts alleged by appellants are true and that the facts could be proved at trial. *Grandnorthern, Inc. v. West Mall Partnership*, 359 N.W.2d 41, 44 (Minn.Ct.App. 1984).

### I.

■ Appellant contends respondent's claim against the estate of Catherine Lenmark is barred because respondent failed to make a proper claim within the four month period required by Minn.Stat. § 524.3–803 (Supp.1988). The statute states that "all claims as defined in section 524.1–201(4) against a decedent's estate which arose before the death of the decedent * * * are barred against the estate * * * unless presented"

(1) within four months after the date of the court administrator's notice to creditors which is subsequently published pursuant to section 524.3–801.

Minn.Stat. § 524.3–803(a)(1) (1988). However, § 524.3–803 does not affect or prevent

(1) any proceeding to enforce any mortgage, pledge, or other lien upon property of the estate. * * *

Minn.Stat. § 524.3–803(c)(1) (1988).

We believe respondent made a valid claim within the statutory period, and that even if she did not give sufficient notice of her claim, this is an action to foreclose the mortgages and therefore § 524.3–803 does not apply.

### a. *Presentment of Claim*

■ Minn.Stat. § 524.3–804 (1988) dictates the manner for presentment of claims against a decedent's estate:

(1) The claimant may deliver or mail to the personal representative a written statement of the claim indicating its basis, the name and address of the claimant, and the amount claimed, or may file a written statement of the claim, in the form prescribed by rule, with the court administrator. * * * If a claim is not yet due, the date when it will become due shall be stated. If the claim is contingent or unliquidated, the nature of the uncertainty shall be stated. If the claim is secured, the security shall be described. *Failure to describe correctly the security, the nature of any uncertainty, and the due date of a claim not yet due does not invalidate the presentation made.*

(Emphasis added).

Respondent's counsel wrote two letters to Voigt Lenmark during the four month period commencing September 17, 1985, when the court administrator gave notice to the creditors of the estate. The November 15, 1985 letter, sent by certified mail, said two notes were outstanding: the two due on December 15, 1985 and March 1, 1986, respectively. Those are the due dates for the April 17, 1985 and August 30, 1985 note and mortgage packages. The second letter, dated December 17, 1985, said only that the December 15, 1985 payment was overdue and demanded full payment of the principal and accrued interest.

Appellants contend these letters did not present any claim as to the estate of Catherine Lenmark or as to the note or mortgage dated August 30, 1985. Clearly the first letter did mention the note of August 30, 1985, but the letter was addressed only to Voigt Lenmark and did not mention the estate of his wife Catherine.

*Peterson v. Marston,* 362 N.W.2d 309 (Minn.1985) states that while the four-month deadline for filing of claims must be strictly observed, "it is not as important that the required manner of giving notice of a claim be strictly followed." *Id.* at 312. "As long as the estate receives reasonable notice of the claim by the required time, the claim should be deemed submitted to further both speedy disposition of the estate and the meeting of bargained-for obligations." *Id.*

Therefore, the requirements are that a claim must be made; presented to the personal representative; and identify its basis, its amount, and the claimant. *Id.* A claim is simply "a demand, an assertion of the right to payment." *Id.* It is unclear whether respondent wrote the letter in response to the notice of the time limit, but it can be inferred from the letter that respondent was "acting with the intent to protect [her] right to payment," which is sufficient to constitute a claim. *Id.*

As appellants state in their brief, Voigt Lenmark was the personal representative of the estate, but appellants contend that the letters did not address him in that capacity.

The third requirement is that the claim identify its basis, its amount and the claimant. The November 15, 1985 letter stated clearly that Lenmark had two promissory notes outstanding and due to the estate of Ken Harter and SWE Investments. While the letter did not specify the amount due, the form is not important "as long as it contains sufficient information to enable the personal representative to determine its extent and character." *Id.* at 313. In *Peterson,* it was sufficient that the letter referred to "our" contract; the debtor's "familiarity with and access to the contract constituted notice of the amount claimed." *Id.*

For these reasons the letters sent by respondent's attorney to appellant Voigt Lenmark constituted presentment of the claim against the August 30 note.

Finally, as to respondent's intent to make a claim, it was logical to assume that notice to Voigt Lenmark was equivalent to notice to the estate because of Lenmark's obvious close relationship to the matters of the estate of his deceased wife. Lenmark must have been aware that the claim involved her assets as well as his. Under *Peterson* the estate received reasonable notice that respondent sought payment.

### b. *Nature of Proceeding*

■ As a junior creditor, respondent was entitled to redeem from the foreclosure sale by the senior creditor under Minn.Stat. § 580.24 (1988). *In the Matter of Petition of Brainerd National Bank*, 383 N.W.2d 284, 288 (Minn.1986); *Krahmer v. Koch*, 216 Minn. 421, 423, 13 N.W.2d 370, 371 (1944).

Appellants argue that respondent could not foreclose against Catherine Lenmark because she did not sign the August 30 mortgage, and Voigt owned the property in his name alone when he signed it. If a note extends the time for payment only, it does not satisfy the original note, and those who executed the original note remain liable, even if they did not sign the renewal note. *See Farmers Security State Bank of Zumbrota v. Voegele*, 386 N.W.2d 760, 763–64 (Minn.Ct.App.1986). Under *Farmers Security*, it is clear that Catherine Lenmark's liability under the September 10, 1984 note and mortgage rolled over to the August 30, 1985 renewal note and mortgage.

### II.

■ Appellants argue that admissible evidence of an oral agreement to extend the time for repayment of the notes creates a genuine issue of material fact as to whether the notes were due; therefore, the trial court erred in granting summary judgment. Voigt Lenmark asserts that Kenneth Harter orally agreed with Voigt Lenmark that the promissory notes were not due until the business ventures they funded were successful, notwithstanding the due dates listed on the notes. The trial court concluded that no actions or statements of Kenneth Harter "were, if made, of a character sufficient to work a binding modification or alteration of the terms and conditions" of any of the three notes and mortgages.

The due dates of the notes are not relevant because respondent has a right of redemption that entitles her to collect the sale price of the property and any deficiency beyond that, after the senior mortgagee is satisfied. Respondent's right to relief is not grounded in the promissory notes.

Furthermore, the court decided the evidence of any alleged oral agreement was insufficient as a matter of law. Appellants do not show any disputed issue of material fact relating to this alleged oral agreement.

■ Appellants' argument regarding collateral estoppel is not applicable in a situation involving two decisions in the same case. Application of the doctrine of collateral estoppel requires a prior final judgment. *Medtronic, Inc. v. Gibbons*, 684 F.2d 565, 569 (8th Cir.1982).

### III.

The trial court's award of attorney fees to respondent was supported by affidavits of respondent's counsel. As the judge noted in his findings, the three junior mortgages provide for attorney fees and costs and disbursements incident to foreclosure. The trial court acted within its discretion in awarding attorney fees and costs.

### DECISION

The trial court did not err in granting summary judgment based on the right of redemption under the mortgages, or in awarding attorney fees as authorized in the mortgages.

Affirmed.

LANSING, J., concurs in part and dissents in part.

LANSING, Judge (concurring in part and dissenting in part).

I concur in the majority opinion except on the issue of whether the letters sent to Voigt Lenmark constitute a valid claim against Catherine Lenmark's estate. Although Voigt Lenmark was the personal representative for the estate, the letters were not sent to him in that capacity. The letters were addressed to him individually and related to his personal obligation on the notes. The letters did not refer to Catherine Lenmark or her estate. In *Peterson v. Marston*, 362 N.W.2d 309 (Minn. 1985), the letter deemed to be sufficient for purposes of Minn.Stat. § 524.3–804 was "expressly written in response to the published notice to make claims and [was] expressly concerned [with] turning in debts to the estate in 4 months." *Id.* at 312. That the letters were received by Voigt Lenmark during the notice period of Catherine Lenmark's estate claims was only fortuity. To permit these letters to constitute a claim introduces the mischief warned against by the dissent in the *Peterson* case. *See id.* at 314 (Simonett, J. dissenting).

Nor do I believe that Minn.Stat. § 524.3–803 (c)(1) operates to remedy the inadequacy of notice. Although the notice requirement would not affect "any proceeding to enforce any mortgage, pledge, or other lien upon property of the estate," the Lenmarks held their mortgaged property in joint tenancy and upon Catherine Lenmark's death in August, 1985, Voigt Lenmark, as the survivor, held absolute fee title to the property. This action is not an enforcement of a mortgage against property of the estate.