GENEVIEVE STRAUCH v. J. P. UHLER.[1]

June 30, 1905.

Nos. 14,269—(100).

**Widow's Allowance.**

Under section 4477, G. S. 1894, as amended by chapter 334, p. 581, Laws 1903, and section 4493, G. S. 1894, the allowance for support of the family of a deceased person may be made by the probate court before the return of the inventory and appraisement.

**Appeal to District Court.**

Upon an appeal from the probate court from an order making such allowance, the district court should try the cause de novo, in the same manner as if originally commenced in that court, and not merely review the propriety of the order appealed from upon the return of the probate court.

**Evidence.**

In making such allowance, while some regard should be had to the situation in life and previous manner of living of the surviving family, its extent should be primarily determined by the value of the estate and the amount of claims against it. Evidence showing the then financial condition of the estate is admissible.

Upon the application of Genevieve Strauch, widow of John L. Strauch, deceased, the probate court for Ramsey county made an order allowing $200 per month for the maintenance and support of petitioner and her children pending the settlement of the estate, such allowance to continue only for one year in the event of the estate proving insolvent. From this order, defendant J. P. Uhler, a creditor of

[1] Reported in 104 N. W. 535.

deceased, appealed to the district court for that county. The case was tried before Kelly, J., who found in favor of plaintiff, affirming the order of the probate court. From a judgment entered pursuant to the findings, defendant appealed to the supreme court. Reversed and new trial ordered. '

*John C. Mangan,* for appellant.

*Geo. C. Lambert,* for respondent,

JAGGARD, J.

John L. Strauch died intestate in St. Paul on June 11, 1904. Special letters on his estate were granted June 21, 1904, to Eva G. Strauch, his sister, who for many years, and up to the time of his death, had acted as his bookkeeper, cashier, and confidential clerk, and was intimately acquainted with the nature of the assets. This special administratrix on July 25, 1904, made and filed a detailed inventory of the assets of the estate, separating the good, doubtful, and bad, and, after charging the doubtful and bad assets to loss and gain account, and deducting the same, stating the amount of personal property of the estate to be $40,800.17. The essential features of this inventory were not embodied in the paper book, but fragments of it were blended with the subsequent account filed by the administratrix July 25, 1904. In her final account, filed July 25, 1904, the special administratrix, after paying over $1,747.96 to the general administratrix, charges herself with other personal property ready to be turned over to the amount of $39,-009.11. General letters of administration were issued to Genevieve Strauch, widow or deceased, on July 11, 1904.

On July 25, 1904, upon the widow's petition, and upon due notice to appellant's counsel, who was present at the hearing, and presented evidence on behalf of appellant, the probate court made its order allowing the widow $200 per month, to commence June 12, 1904. This allowance was to continue until the estate should be fully settled, unless the estate should prove insolvent, in which case the allowance should continue for one year from June 12, 1904. Thereafter, and on August 18, 1904, appellant for the first time filed proof of his claim. On August 22, 1904, he appealed to the district court from the order of the probate court making the allowance to the widow. The general

95 M.—20

inventory and appraisement were filed October 13, 1904. The case was tried on appeal in the district court. The district court found as a fact that the sum of $200 was a reasonable and necessary amount for the support and maintenance of said widow, constituting the family of said deceased, during the settlement of said estate, and that the assets in the hands of the administratrix of said estate were ample and sufficient to defray the allowance, subject to the limitations contained in the order of said probate court. The order of the probate court was affirmed by the district court. The present appeal is taken from the judgment entered accordingly.

1. The probate court was justified in making the allowance for the support of the family of the deceased before the return of the inventory and appraisement. Section 4477, as amended by chapter 334, p. 581, Laws 1903, provides in part that:

When any person dies possessed of any personal estate, or of any right or interest therein, the same shall be applied and distributed as follows:

1. The widow shall be allowed all the wearing apparel of her deceased husband; his household furniture, to be selected by her, not exceeding in value five hundred dollars; other personal property, to be selected by her, not exceeding in value five hundred dollars; and such allowances shall be made as well when the widow receives the provisions made for her in the will of her husband, as when he dies intestate. * * *

3. The widow or children, or both, constituting the family of the deceased, shall have such reasonable allowance out of the personal estate as the probate court deems necessary for her and their maintenance during the progress of the settlement of the estate according to her or their circumstances, which, in case of an insolvent estate, shall not be longer than one year after granting administration, or in any case after the share of the widow in the residue of the personal estate * * * shall have been assigned to her.

Section 4493 provides that:

On or after the return of the inventory and appraisement as provided in section eighty-four, the surviving husband or wife,

or in case there is no surviving husband or wife, the children, or in case the children are minors, the guardian, shall petition the probate court for the setting apart of the homestead of the deceased, and for the allowance of the personal property. Such petition shall show the right of the parties and if made by or for the children, their names and ages, the description of the homestead claimed, and a description of the personal property which is desired to be selected, and the value thereof, according to the appraisements.

It is to be observed that section 4493 uses both words "allowance" and "selected." It is therefore not entirely clear whether it requires that the allowance for the support of the family, as involved in this case, or the selection of $500 of personal property, should be made after the return of the inventory and appraisement. It is reasonable to construe it so as not to apply to the selection, at least. If the construction were adopted that no allowance for the support of the family could be made until after the return of the inventory and appraisement, the widow and children might be left entirely without means of support until the executor or administrator had been appointed, and until three months thereafter the inventory had been made and returned, and until thereafter appraisers were appointed, performed their duties, and reported to the probate court. Such construction would involve hardships which it is the reasonable purpose of the statutes, construed as a whole, to prevent. The direct converse has, moreover, been the generally accepted construction and practice. That contemporaneous exposition should be given great weight. State v. Northern Pacific Ry. Co., supra, page 43.

Accordingly, before the return of the inventory and appraisement the surviving family is entitled to apply for the statutory allowance, and the probate court may properly grant reasonable provision for its support for the statutory period.

2. The district court improperly regarded the appeal from the probate court as presenting the controversy whether the probate judge abused his discretion in making the allowance. The questions presented by the appeal to the district court were not to be determined, like

questions arising on certiorari, upon the return. The probate code (G. S. 1894, § 4672) provides that

> When such cause [the appeal from the probate court] is placed upon the calendar, the court shall hear, try and determine the same in the same manner as if originally commenced in the district court.

The duty of the district court was therefore not to determine whether the probate court abused its discretion, but to try the case anew, and to determine the allowance to be made, in the exercise of its own judgment, after a complete trial de novo on the merits.

3. The district court, consistently with its theory of appeal, sustained the order allowing $200 a month to the widow, with the restrictions previously set forth. Upon the record in the probate court, this was a just and proper order, but a materially different state of facts was presented to the district court. The appellant there offered the inventory and appraisement, showing a total appraised value of $9,604.32. This was received without objection. Appellant offered, but was not allowed, to prove the existence of debts in excess of $13,000. The exclusion of this evidence was error. It is true, these claims had not been passed upon or allowed by the probate court. The statute, however, as has been previously stated, contemplates an immediate allowance for the support of the family of the deceased, without waiting for the final results of the necessarily deliberate processes of judicial determination by the probate court. It expressly provides that, even if the estate be insolvent, an allowance may be made for the period of one year. The extent of that allowance must be determined primarily by the value of the estate. Due, but not controlling, regard should be had as to the situation in life and previous manner of living of the widow or children, for family expenditures must be adapted to the resources of the estate. It would be gross injustice to permit such an allowance to confiscate the estate, and in effect rob its creditors. Accordingly, where, as in this case, the claim is made that the estate is insolvent, the allowance should be made with proper reference to the facts, as far as the same can be ascertained, without undertaking to finally adjudicate either the value of the property or the validity of the claims.

The judgment of the district court is accordingly reversed, and the

case remanded, with direction to try it upon the merits, and to make such order as the proof, in the judgment of that court, requires, and thereupon to remand the case to the probate court, in accordance with section 4676, G. S. 1894.