WILLIAM E. CROWELL, JR., administrator, vs.
ELEANOR G. SALLEN & another.[1]

Barnstable. January 6, 1984. — January 25, 1984.

Present: GRANT, BROWN, & KASS, JJ.

*Will*, Waiver. *Words*, "Probate of the will."

The running of the six-month period within which a widow may elect to
    receive a statutory share of her deceased husband's estate under G. L.
    c. 191, § 15, commences at the time when the husband's will is proved
    and allowed, and not at the time when a fiduciary is appointed to exe-
    cute the provisions of the will. [439-440]

CIVIL ACTION commenced in the Barnstable Division of
the Probate and Family Court Department on August 5, 1980.

The case was heard by *Lewis*, J.

*Harry Sarkis Terkanian* for Elizabeth Stefani.

*William M. O'Brien* for Eleanor G. Sallen.

GRANT, J. The question for decision in this case is the
proper interpretation of the words "probate of the will" as
they are employed in G. L. c. 191, § 15, as appearing in St.
1964, c. 288, § 1.[2] The question arises on the following un-
disputed facts.

On January 1, 1978, Loris G. Stefani of Wellfleet died
leaving a will by which he bequeathed $1.00 apiece to his
surviving widow (Elizabeth Stefani) and each of four named
children, devised and bequeathed the residue of his estate to
one Eleanor Sallen if she should survive him, and nominated

_____

[1] Elizabeth Stefani.

[2] Section 15 reads in material part as follows: "The surviving husband
or wife of a deceased person, . . . within six months after the probate of
the will of such deceased, may file in the registry of probate a writing
signed by him or by her, waiving any provisions that may have been made
in it for him or for her, or claiming such portion of the estate of the de-
ceased as he or she is given the right to claim under this section . . . ."

Sallen to serve as the executrix of the will. On May 3, 1978, Sallen filed a petition in the usual form in the Probate Court for Barnstable County by which she prayed that the will "may be proved and allowed, and that she be appointed executrix thereof." The widow and the children, acting through common counsel, duly filed their respective appearances in opposition to the allowance of the will and their objections to the appointment of Sallen as executrix.

On or about September 15, 1978, counsel for the widow and children addressed a letter to the register of probate in which he advised that he had discussed the status of the case with counsel for Sallen and that both counsel were in agreement on the appointment of one William E. Crowell, Jr., as administrator with the will annexed. On September 19, 1978, the firsts judge of probate in Barnstable County signed a decree to the effect that the instrument purporting to be Stefani's will "be approved and allowed as [his] last will and testament."[3] Subsequently, on January 10, 1979, the same judge signed a decree appointing Crowell as administrator with the will annexed of the Stefani estate. Crowell's bond was approved the same day.

On May 17, 1979, the widow filed in the registry an instrument by which she purported to waive the provision of the will in her favor and to claim the appropriate share provided for in G. L. c. 191, § 15. That date was well beyond the relevant six-month period specified in § 15 if (as the administrator contends) the words "probate of the will" which appear in the section refer to the date when the will was proved and allowed (September 19, 1978) but well within the period if (as the widow contends) the quoted words refer to the date the administrator was appointed and gave bond

---

[3] The judge used for that purpose one of the printed forms of decree usually employed for the allowance of a will and the appointment of an executor but struck therefrom all the language with respect to such an appointment. No question appears to have been raised below concerning any alteration of the language in any printed form which was employed in the course of these proceedings. See G. L. c. 215, § 30; *Home Natl. Bank, petitioner,* 341 Mass. 286, 290 (1960). We see no such impropriety as the widow does.

(January 10, 1979). On a complaint for instructions brought by the administrator, the same judge ruled that "[t]he time for the filing of the waiver of the will starts to run with the probate of the will and not with the appointment of the [a]dministrator with the will annexed and approval of the bond" and entered a judgment which (1) declared that the purported waiver was not timely filed and (2) instructed the administrator to distribute the assets according to the provisions of the will. The widow appealed.

We affirm the judgment because it is clear to us that the words "probate of the will" in G. L. c. 191, § 15, are used in their strict technical sense and have reference to the time when a will is proved and allowed rather than to the time when a fiduciary is appointed to execute the provisions of a will.[4] Such is the underlying premise of G. L. c. 191, § 7, which equates the "probate" of a will with its proof and allowance in the Probate Court.[5] Such is also the underlying premise of the decision in *Bunker* v. *Murray*, 182 Mass. 335 (1902). See also Swaim, Crocker's Notes on Common Forms 584 (7th ed. 1955) (starting date of a claim under § 15 "is the probate of the will, not the approval of the bond").

We think that premise confirmed by other provisions found in the statutory scheme which, in varying language, draw unequivocal distinctions between the proof and allowance of a will, or the "probate of a will," and the issuance of letters testamentary. See, e.g., G. L. c. 192, §§ 1, 1A, 1B, 3, 4 and 5. See in particular G. L. c. 193, § 7, which distinguishes between "the probate of the will" and a subsequent "grant [of] letters testamentary to any person named as executor who gives the bond required by law."

---

[4] See the definition of "probate" in Black's Law Dictionary (5th ed. 1979).

[5] Section 7 reads in material part as follows: "No will, except as provided in this chapter . . ., shall pass any property, real or personal, or charge or in any way affect the same; and no will shall take effect until it has been duly proved and allowed in the probate court. *Such probate* shall be conclusive as to its due execution" (emphasis supplied).

There is nothing in the docket entries (the judge noted that the registry personnel "make erasures and changes all the time") or in the manner in which the register recorded the will (see G. L. c. 215, § 36) which requires the conclusion that the judge's finding as to when the will was proved and allowed (September 19, 1978) was "clearly erroneous" within the meaning of Mass.R.Civ.P. 52(a), 365 Mass. 816 (1974). There is nothing in any of the widow's other contentions which merits discussion. We note that she still had more than two months following the appointment of the administrator within which to meet the § 15 deadline.

*Judgment affirmed.*