In the Matter of the ESTATE OF
Alfred Ludwig GERHARDT,
Deceased.

No. C3–85–271.

Court of Appeals of Minnesota.

June 18, 1985.

Robert F. Carolan, Dakota County Atty.,
Karen Asphaug, Asst. County Atty., Hastings, for Dakota County Human Services
Dept.

Richard L. Luther, Minneapolis, for Estate of Alfred Ludwig Gerhardt.

Considered and decided by POPOVICH,
C.J., and PARKER and FOLEY, JJ., with
oral argument waived.

## SUMMARY OPINION

PARKER, Judge.

### FACTS

Between January 1, 1980, and his death
on January 2, 1983, the Dakota County
Human Services Department paid $44,-
603.43 in medical assistance benefits to
Alfred Gerhardt. At a hearing on July 5,
1983, his daughter, Nancy Gerhardt Moore,
was appointed as personal representative.
On or about July 7, 1983, the County filed a
written statement of claim against the estate for reimbursement of medical assistance benefits. The estate's only asset is a
homestead in Dakota County. On October
18, 1983, Moore disallowed the claim entirely by mailing to the County and filing with
the court a notice of disallowance. On
January 5, 1984, the County filed a petition
for allowance of and payment of the claim,
which was dismissed by the trial court for
failure to file the petition within two

months of receiving the notice of disallowance. *See* Minn.Stat. § 524.3–806(a). The County appeals.

## DISCUSSION

Minn.Stat. § 524.3–806(a) provides in relevant part:

[T]he personal representative may mail a notice to any claimant stating that the claim has been disallowed. * * * Every claim which is disallowed in whole or in part by the personal representative is barred so far as not allowed unless the claimant files a petition for allowance in the court or commences a proceeding against the personal representative not later than two months after the mailing of the notice of disallowance or partial allowance if the notice warns the claimant of the impending bar.

The disallowance notice that Moore sent to Dakota County said:

You are further notified that failure to protest this disallowance by filing a petition for allowance with the Court or commencing a proceeding against the personal representative within 60 days of the mailing of this notice shall result in your claim being forever barred.

The County contends first that the disallowance notice sent on October 18 was not effective until November 14, 1983, when Moore filed an acceptance of her appointment as personal representative, which had been executed on October 3, 1983. Therefore, the County argues, its petition for allowance was timely filed on January 5, 1984.

■ The trial court specifically found that Moore was appointed as personal representative at a hearing on July 5, 1983, and the record supports that finding. Thus, Moore's duties and powers commenced on that date. *See* Minn.Stat. § 524.3–701. Even if her appointment were not effective until she filed her acceptance, her power to perform acts which benefit the estate would relate back to the time of the decedent's death. *See id.* Moore's disallowance of the claim was ef-

fective as of October 18, 1983, and the County's petition was therefore not timely filed under Minn.Stat. § 524.3–806(a).

The County further contends that it is not bound by the two-month limitation period in Minn.Stat. § 524.3–806(a) because of a conflicting provision in Minn.Stat. § 256B.15, which provides as follows:

If a person receives any medical assistance hereunder, on his death, if he is single, or on the death of the person and his surviving spouse, if he is married, and only at a time when he has no surviving child who is under 21 or is blind or totally disabled, the total amount paid for medical assistance rendered for the person, after age 65, without interest, shall be filed as a claim against the estate of the person in the court having jurisdiction to probate the estate. *The claim shall be considered an expense of the last illness of the decedent for the purpose of section 524.3–805. Any statute of limitations that purports to limit any county agency* or the state agency, or both, *to recover for medical assistance granted hereunder shall not apply to any claim made hereunder for reimbursement* for any medical assistance granted hereunder. * *. *

(Emphasis added). The County thus contends that there is *no* limitation on the time for filing a petition to allow a claim for medical assistance benefits.

■ Assuming that the two-month deadline in § 524.3–806(a) is a "statute of limitations," we conclude that these provisions are reconcilable and that the statute of limitations referred to in § 256B.15 is the general statute of limitations, which would otherwise limit the State's time for recovering medical assistance payments to six years. *See* Minn.Stat. §§ 541.01; 541.05, subd. 1(2). In *Estate of Murphy v. State Department of Public Welfare*, 293 Minn. 298, 198 N.W.2d 570 (1972), the court discussed a limitations provision governing the State's ability to recover the costs of state hospitalization that is similar to the one in § 256B.15. The provision says:

Any statute of limitations which limits the commissioner [of human services] in recovering the cost of care obligation incurred by a patient or former patient shall not apply to any claim against an estate made hereunder to recover cost of care.

Minn.Stat. § 246.53, subd. 3 (1984). The court said:

[T]he composite underlying policy * * * is to maximize recoveries for the total cost of care provided a mentally ill patient while still enabling him to retain assets during his lifetime * * * to prospectively enable him to be self-sustaining in the event he is discharged prior to death. * * * If the patient were an inmate for more than 6 years and if the statute of limitations applied to § 246.53, the state and the patient would be subjected to needless and upsetting suits to assure reimbursement of charges more than 6 years old.

*Id.* at 307, 198 N.W.2d at 575.

Medical assistance benefits may similarly be paid for more than six years, and application of the general statute of limitations would require the County to sue for reimbursement every six years during the recipient's life. The provision in Minn.Stat. § 256B.15 regarding limitations periods merely allows the County or State to present one claim against an estate for reimbursement, regardless of the time span over which the benefits were paid. This construction of the statutes allows effect to be given to both the general provisions of the probate code and the particular provision for reimbursement of medical assistance benefits. *See* Minn.Stat. § 645.26, subd. 1 (1984). Furthermore, Minn.Stat. § 256B.15 clearly says that a claim for medical assistance benefits is to be treated like any other expense of last illness; it does not alter in any way the County's duty to follow the claims procedures embodied in the probate code.

## DECISION

The trial court did not err in dismissing Dakota County's petition to allow a claim for medical assistance benefits against Alfred Gerhardt's estate because the County failed timely to file the petition.

Affirmed.