In the Matter of the **ESTATE OF Genevieve HOPPKE, Deceased.**

No. CX–85–2325.

Court of Appeals of Minnesota.

June 10, 1986.

Brian L. White, Franta & White, Wabasso, for Genevieve Hoppke, Dec., appellant.

L.W. Frank, Estebo, Schnobrich & Frank, Redwood Falls, for Redwood Co. Welfare Dept.

Considered and decided by LESLIE, P.J., and FOLEY and WOZNIAK, JJ., with oral argument waived.

## OPINION

WOZNIAK, Judge.

The estate of Genevieve Hoppke appeals from an order of the Redwood County Probate Court allowing the claim of the Redwood County Welfare Department, even though the claim was filed after the time limits set forth in Minn.Stat. § 524.3–806(a) (1984) had expired. We affirm.

## FACTS

Genevieve Hoppke died on January 15, 1984. Before her death, she received medical assistance through the Redwood County Welfare Department pursuant to Minn. Stat. ch. 256B (1984). These payments totaled $10,593.46.

Pursuant to Minn.Stat. § 256B.15 (1984), the county timely filed a claim against the estate for the full amount of the assistance paid. The personal representative disallowed the claim on May 18, 1984. The attorney for the estate, White, mailed to the welfare department, along with the notice of disallowance, a letter asking for an itemization of the account, showing the dates when the services were rendered and the corresponding amounts, so that the estate could determine the validity of the claim. The welfare department turned the notice and letter over to its attorney, Nelson, who called White to discuss the situation.

He advised White that it would be impossible to provide the requested itemization within the two-month period required for the filing of a petition for allowance pursuant to Minn.Stat. § 524.3–806(a). The remainder of the conversation is in dispute.

White alleges in his affidavit that he told Nelson that *if* (and only if) it would take the county more than two months to provide the information, the estate would waive the limitations period and allow the county to file its claim. Nelson alleges in

his affidavit that White first assured him that it would not be necessary to file the petition within two months and then assured him that it would not be necessary to file the petition until after the itemization was provided. Neither attorney confirmed his understanding of the conversation in a letter or memorandum.

The requested itemization was provided directly to the estate by the director of the welfare department by letter dated June 14, 1984. At this time, the county still had until July 18, 1984 to file its petition.

The county did not file its petition within the two-month limit. Nelson alleges that he was fully aware of the two-month limit, but relied on the alleged representations of White that it would not be necessary to file the petition within the two-month limit. He alleges that, after the itemization was sent to White, he awaited his response to the itemization and notification whether the period would start to run. He did not hear from White again until a notice of disallowance was sent on July 24, 1984, after the two-month limit had expired.

The county then brought before the probate court a petition for an order allowing the filing of the claim. The court granted the petition on the grounds that the claim should be allowed in the interests of justice.

To facilitate this appeal, the parties have entered into a stipulation pursuant to Minn. R.Civ.App.P. 110.04. This stipulation acknowledges the validity of the claim while preserving the estate's objection to the order.

## ISSUE

Should the county's petition for allowance of claim be barred due to the county's failure to file the petition within the two-month limit provided in Minn.Stat. § 524.3–806?

## ANALYSIS

Minnesota Statutes section 524.3–803(a) (1984) provides that all claims against an estate must be brought within four months of publication of the clerk's notice to creditors. After the claim is filed, the personal representative may mail a notice to the claimant that the claim has been disallowed. *Id.* § 524.3–806(a). If a claim is disallowed, it is barred unless the claimant files a petition for allowance within two months after mailing of the notice of disallowance. *Id.* It is this second deadline which is at issue in this case.

The county asserts that the attorney for the estate waived the two-month limit during the May 1984 telephone conversation and should now be estopped from asserting it. Whether or not the attorney for the estate had the actual authority of all the successors to waive the defense of limitations, *see* Minn.Stat. § 524.3–802 (1984), it would have been reasonable for the attorney for the county to rely on any representations made by the attorney for the estate to that effect. However, application of this theory would require a factual determination of what the parties agreed to during this conversation, and whether any such representations were made. The trial court made no such determination and this court cannot do so on appeal.

We affirm the probate court's decision, however, on the grounds that it was within the probate court's discretion, in the interests of justice, to allow the county to file its petition after the two-month limit had expired.

The provisions of Minnesota's probate code are to be liberally construed. Minn. Stat. § 524.1–102(a) (1984); *Peterson v. Marston*, 348 N.W.2d 814 (Minn.Ct.App. 1984). There are no Minnesota cases dealing with the issue whether the time limitation provided in section 524.3–806(a) is to be liberally or strictly construed. A number of cases, however, have construed section 524.3–803(a) which contains equally strong language[1] and provides for a four-

1. Minn.Stat. § 524.3–803(a) provides that:
   All claims * * * *are barred* * * * unless presented as follows: (1) within four months

after the date of the clerk of court's notice to creditors which is subsequently published pursuant to section 524.3–801; (2) within

month limitation for the initial filing of claims against the estate. The court has generally applied a liberal interpretation of the latter provision.

The Minnesota Supreme Court has held that it is within the sound discretion of the probate court to reopen a decedent's estate and allow the filing of a late claim. *Bulau v. Bulau,* 208 Minn. 529, 294 N.W. 845 (1940). This discretion should be exercised liberally in favor of the allowance of claims which are prima facie valid. *In re Estate of Kucera,* 290 Minn. 501, 186 N.W.2d 538 (1971).

Here, the parties have stipulated that the county's claim is valid. There is no evidence in the record of dilatory practices on the part of the county; the facts indicate that, regardless of the substance of the disputed conversation, the county proceeded reasonably diligently with its claim. Although this court cannot make a factual finding as to what, if anything, was agreed to in the May 1984 telephone conversation, the record indicates that there was a misunderstanding as to which party was to contact the other after the itemization was sent to the personal representative. Under the unusual facts in this case, it would be unfair to deny the county's claim on the basis of this misunderstanding. The trial court did not abuse its discretion in allowing the county's petition.

### DECISION
The trial court is affirmed.

three years after the decedent's death, if notice to creditors has not been published. (Emphasis added.)

Minn.Stat. § 524.3–806(a) provides that:

Every claim which is disallowed in whole or in part by the personal representative *is barred* so far as not allowed unless the claim-ant files a petition for allowance in the court or commences a proceeding against the personal representative not later than two months after the mailing of the notice of disallowance * * *. (Emphasis added.)