**In re the ESTATE OF Odessa M. CAS-SIUS, a/k/a Odessa Marie Cassius.**

**No. C5-86-363.**

Court of Appeals of Minnesota.

Aug. 19, 1986.

Thomas Bennett Wilson, III, Edina, pro se.

Gayle Gaumer, Wilson Law Firm, Edina, for personal representative of the estate of Odessa M. Cassius.

Douglas Peine, Judson J. Jones, Minneapolis, for respondent.

Royal C. Orren, pro se, Ruttenberg, Griswold, Orren & Associates, St. Paul, for guardians of William M. Cassius, Ward.

Considered and decided by LANSING, P.J., and PARKER and NIERENGARTEN, JJ., with oral argument waived.

## OPINION

LANSING, Judge.

The personal representative of the estate of Odessa M. Cassius appeals from an order of the probate court awarding Cassius' surviving spouse $2,000 per month in maintenance for 18 months under Minn.Stat. § 525.15. We remand.

## FACTS

Odessa Cassius died December 21, 1984, at age 63. Her husband of 28 years, William Cassius, then age 86, survives her. They had no children. William Cassius suffers from Alzheimer's disease and has been cared for in nursing homes for a number of years. During their marriage the Cassiuses accumulated more than $500,000 in assets, consisting mostly of rental properties held in William Cassius' name or in joint tenancy.

In May 1983 Odessa Cassius executed a will leaving the entire residue of her estate to a trust established for the benefit of her sister, Beatrice Powell, who is mentally retarded. In paragraph 5.3 she stated that she "intentionally omitted any provision for my spouse because my spouse has a substantial estate of his own and we have substantial property which we own in joint tenancy."

In October 1984 Odessa Cassius executed a second will. It was virtually identical to the first except it omitted all reference to property held in joint tenancy. At the same time she commenced an action to partition the real estate holdings to create tenancies in common. This action was not resolved before her death.[1]

The guardians of William Cassius elected against the will and other conveyances in his behalf to claim his statutory share of her estate. On November 18, 1985, they petitioned the probate court for family maintenance of $2,000 per month for 18 months. After a hearing in early January 1986, the court ordered the requested maintenance paid in the form of a $26,000 lump sum and monthly payments of $2,000 for five months, for a total of $36,000. The personal representative of Odessa Cassius' estate appeals from that order.

## ISSUE

Did the trial court abuse its discretion in ordering maintenance of $2,000 per month under Minn.Stat. § 525.15?

## ANALYSIS

 The decedent's surviving spouse "shall be allowed reasonable maintenance" during administration of the estate. Minn. Stat. § 525.15(4). The personal representative argues that the maintenance allowance may not exceed $500 per month under Minn.Stat. § 525.151, which provides in part:

[The personal representative] may determine maintenance in periodic installments not exceeding $500 per month for one year, if the estate is insolvent or 18 months if the estate is solvent, and may disburse funds of the estate in payment of such maintenance. The personal representative or any interested person aggrieved by any * * * determination * * under this section may petition *the court*

1. An inventory and appraisement filed with the probate court lists the probate assets of Odessa Cassius as realty valued at $57,702 and $103,321 in cash and other personal property. According to this document, William Cassius has the homestead valued at $65,000, other real property valued at approximately $360,000, and about $73,000 in cash and other personal property.

for appropriate relief which relief *may provide a family allowance larger or smaller than that which the personal representative determined or could have determined.*

(Emphasis added). The statute does not permit a personal representative to pay more than $500 per month in maintenance, but it does permit the court to order more maintenance if necessary for the support of the decedent's family.

In determining a reasonable amount of maintenance, the court should take into account the value of the estate, the previous standard of living, and the nature of other resources available to the family to meet current living expenses. *See In re Strauch's Estate*, 95 Minn. 304, 104 N.W. 535 (1905); Uniform Probate Code § 2–403 comment. Need is relative to the circumstances, and what is reasonable must be decided on the basis of the facts of each individual case. Uniform Probate Code § 2–403 comment. If the decedent has arranged for life insurance proceeds or a living trust to provide income during this period, that may be considered. *Id.*

At the hearing the guardians of William Cassius argued, incorrectly, that the statute does not permit the court to consider William Cassius' considerable financial resources.[2] The maintenance allowed in this case is exactly what the guardians requested and would deplete one fourth of the probate estate. We therefore conclude the court was influenced by the guardians' incorrect view of the law in setting the maintenance allowance.

## DECISION

On remand the court should consider William Cassius' financial resources in setting a reasonable maintenance allowance.

Remanded.

2. The court made no findings on his needs, but the record suggests that the cost of William Cassius' care is $2,600 to $3,000 per month. In addition to the assets described at *supra* n. 1, he has income of about $1,700 per month from social security, contract-for-deed payments, and

a retirement annuity. His guardians contended there was a net loss on the rental property after paying guardianship expenses. Apparently, at the time of the hearing none of the real property had been offered for sale to increase the business cash flow.