**In re the Estate Edna A. MYHRE, Deceased.**

**No. C8-88-2595.**

Court of Appeals of Minnesota.

July 3, 1989.

Floyd D. Rudy, Rudy, Prevost, Gassert, Yetka, Korman & Belfry, Cloquet, for respondent.

Marvin E. Ketola, Carlton Co. Atty., Leonard A. Wilson, Jr., Asst. Co. Atty., Carlton, for appellant.

Heard, considered and decided by CRIPPEN, P.J., and NORTON and MULALLY *, JJ.

## OPINION

CRIPPEN, Judge.

Carlton County appeals the trial court determination that its claim against decedent's estate for medical assistance benefits is barred by the probate code's three year limitation on the presentation of claims. We affirm.

## FACTS

Edna Myhre died intestate on February 4, 1984. Before her death she received medical assistance through the Carlton County Human Services Department totaling $16,412.41.

The county had notice of decedent's death almost immediately and filed a demand for notice in probate court. No informal or formal probate proceedings were initiated by any of the decedent's heirs.

In September 1987, an Assistant County Attorney wrote to Ed Myhre stating that, "If we do not note the filing of a Petition to Administer your mother's estate within the very near future, we will file such a Petition as a creditor."

On December 7, 1987, the county filed a petition for appointment of a special administrator and notice of hearing was given to the heirs and published. In an order dated February 26, 1988, the Director of the Carlton County Human Services Center was appointed special administrator.

By two petitions in August 1988, Ed Myhre requested the restraint of the special administrator and termination of his appointment. On August 5, 1988, four and one-half years after decedent's death, the county filed its claims for medical assistance benefits in the amount of $16,412.41. Later in August, Myhre filed a petition for determination of descent. In September 1988, Myhre filed an amended petition for termination and asked for a determination that the claim for amounts paid in medical assistance was invalid.

In November 1988, the trial court terminated the appointment of the special administrator. The court concluded that there was no explanation for the county's lack of diligence in presenting its claim, that the claim was barred by the three year statute of limitations, and that because a petition for determination of descent was filed, there was no reason to continue the special administration.

## ISSUES

1. Does the probate code limitation on the presentation of claims govern the county's claim.

---

* Acting as judge of the Court of Appeals by appointment pursuant to Minn. Const. art. VI, § 2.

2. Did the trial court err by not reopening the decedent's estate to allow the county to present its claim?

## ANALYSIS

### 1. Claims procedure

■ Appellant contends that Minn.Stat. § 256B.15 (1988), which bars statutes of limitations on claims for medical assistance benefits, controls the time limitations for presenting claims against an estate. We disagree.

Part of the probate court claims process is the three year time limitation on the presentation of claims where notice to creditors has not been given by publication. Minn.Stat. § 524.3–803(a)(2) (1988); *see* 1 R. Stein, Stein on Probate § 6.03a (2d ed. 1988). The three year limitation is unique to probate law and not a general statute of limitations.

This court has previously reconciled section 256B.15 with section 524.3–806(a), the probate code provision that limits the time for filing a petition for allowance after a personal representative has disallowed a claim. *See In re Estate of Gerhardt*, 369 N.W.2d 335 (Minn.Ct.App.1985). In *Gerhardt* we determined that, "the statute of limitations referred to in section 256B.15 is the general statute of limitations, which would otherwise limit the State's time for recovering medical assistance payments to six years." *Id.* at 336. We held that section 256B.15 is the law governing the general statute of limitations under Chapter 541, but not the filing deadlines for petitions for allowance under Minnesota probate law. The same principle governs section 524.3–803.

The probate process gives all creditors fair notice and opportunity to present claims against the estate. Without good reason to reopen an estate, any late claims are barred, for "at some point there must be finality in probate proceedings." *In re Estate of Molden*, 396 N.W.2d 624, 627 (Minn.Ct.App.1986), *pet. for rev. denied* (Minn. Jan. 2, 1987).

### 2. Late claims

■ Appellant asserts this court has recognized the need to reopen an estate to allow claims in the interest of justice. *See In re Estate of Hoppke*, 388 N.W.2d 754, 755 (Minn.Ct.App.1986). However, in *Hoppke* we said reopening is just only in cases where there is no evidence of dilatory practices on the part of the county. *Id.* at 756. The trial court here stated in its conclusions that there was no evidence explaining "why the county did not proceed diligently with its claim." In the memorandum accompanying its order the court noted there was "no real showing why the county did not proceed diligently." The record includes ample evidence to support the trial court's finding on dilatory practices.

■ In addition, appellant suggests that because the February 1988 appointment order included authority for sale of real estate, it was an appealable order, and that respondent's failure to take an appeal made the order final. Ed Myhre's response to the appointment order does not affect his right to question the validity of appellant's claim. Even if a sale of real estate was authorized, there was no distribution order that would preclude the heirs from later disputing claims or distribution.

## DECISION

The trial court properly determined the county's late claim for medical assistance benefits is barred by the three year limitation under section 524.3–803 of the probate code. The court did not err by denying proceedings on a late claim where there was evidence the county failed to act diligently.

Affirmed.