**In re ESTATE OF Arnold J. KRUEGEL, Deceased.**

**No. C9-95-1751.**

Court of Appeals of Minnesota.

April 2, 1996.

Dan Moulton Moulton, Law Office, Rochester, for Appellant Spouse.

Gerald G. Dederick, David D. Himlie, Dederick & Himlie, P.A., Edina, for Respondent Children.

David A. Joerg, Joerg & Benson, Preston, for Respondent Estate.

Considered and decided by PARKER, P.J., and SCHUMACHER and MANSUR*, JJ.

## OPINION

MARTIN J. MANSUR, Judge.

Appellant Jeanette Kruegel challenges the district court's order (1) ruling she is time-barred from electing to take an elective share in the estate of Arnold Kruegel (decedent), (2) allowing the estate to sell woodlots near her homestead, (3) denying her motion to increase monthly maintenance during the administration of the estate, and (4) denying her motion to remove farm machinery and equipment from the inventory of the estate. We affirm in part, reverse in part, and remand.

## FACTS

Decedent, who was married to appellant for 29 years, died on April 21, 1994. The application for informal probate of his will and for appointment of an executor was filed on May 31, 1994. The same day, the registrar issued a statement of informal probate of the will.

In 1980, decedent executed a will that would, upon his death, place all of his property into two trusts. Appellant was to be the beneficiary of Trust A, which consisted of

assets that have a value in excess of the value of those assets that will be exempt

from the Federal Estate Tax when the debts and expenses of my estate are deducted and credits available to my estate are applied against the Federal Estate Tax.

All remaining property was to be placed in Trust B for the benefit of decedent's children. Under the federal estate tax in effect at the time of decedent's death, his will placed all of his property in Trust B and none in Trust A. Appellant retained counsel to negotiate with the estate. Letters from appellant's counsel to counsel for the estate's personal representatives indicate that appellant was attempting to determine the value of the estate in order to make a decision about taking an elective share, including which of the estate's assets she would take in order to get a one-third share.

On February 8, 1995, one of the estate's personal representatives filed a petition for adjudication as to whether appellant was time-barred from electing to take an elective share. Appellant filed her notice of election of elective share and homestead rights on February 10, 1995. Appellant also moved (1) that noncontiguous woodlots be considered part of the homestead, (2) that her maintenance allowance be increased, and (3) that certain farm machinery and equipment be removed from the inventory of the estate.

Following a hearing, the district court (1) ruled that appellant was time-barred from electing to take an elective share in the augmented estate, (2) ruled that noncontiguous woodlots are not part of the homestead and may be sold by the estate, (3) denied appellant's motion to increase maintenance, and (4) denied appellant's motion to remove farm machinery from the estate.

## ISSUES

1. Should appellant be barred from electing to take an elective share because she failed to file the notice of election within the limitations provided in Minn.Stat. § 524.2–205(a)?

---

* Retired judge of the district court, serving as judge of the Minnesota Court of Appeals by appointment pursuant to Minn. Const. art. VI, § 10.

2. Did the district court err in determining that woodlots near the homestead are not part of the homestead?

3. Did the district court abuse its discretion by denying appellant's motion to increase maintenance?

4. Did the district court err by denying appellant a one-half interest in proceeds from certain farm equipment and machinery?

## ANALYSIS

■ 1. Respondents argue that the standard of review should be whether the district court's findings are clearly erroneous and whether it erred in its legal conclusions. *See In re Estate of Simpkins*, 446 N.W.2d 188, 190 (Minn.App.1989) (reviewing probate court's findings and conclusions to determine whether there was error). *Simpkins* involved the construction of a will. *Id.* at 190. We conclude that this case is distinguishable from *Simpkins* and is more akin to *In re Estate of Hoppke*, 388 N.W.2d 754 (Minn. App.1986). In *Hoppke*, this court applied an abuse of discretion standard to a probate court decision on whether to reopen a decedent's estate to allow the filing of a late claim. *Id.* at 756.

■ Under Minnesota law:

The surviving spouse may elect to take an elective share in the augmented estate by filing in the court and mailing or delivering to the personal representative, if any, a petition for the elective share within nine months after the date of death, or within six months after the probate of the decedent's will, whichever limitation last expires.

Minn.Stat. § 524.2–205(a) (1992).[1] The nine-month time limitation from the date of decedent's death was January 21, 1995. The trial court concluded that appellant was time-barred from making the election because she did not petition for the elective share either within nine months after decedent's death or within six months after probate of the will.

■ We reject appellant's argument that the phrase "probate of the decedent's will" should be interpreted to include the entire process up until the closing of the estate. Minn.Stat. § 524.3–302 (1992) provides the following:

Upon receipt of an application requesting informal probate of a will, the registrar, upon making the findings required by section 524.3–303 shall issue a written statement of informal probate * * *. Informal probate is conclusive to all persons until superseded in a formal testacy proceeding. No defect in the application or procedure relating thereto which leads to informal probate of a will renders the probate void.

At the time the registrar fulfills the requirements of Minn.Stat. § 524.3–303 (1992) and issues a statement of informal probate, the will is probated for purposes of the phrase "probate of the decedent's will" in section 524.2–205(a). We note that other jurisdictions have rejected similar arguments that the probate of a will occurs at a date after the will is proved or accepted by a registrar. *See In re Will of Fields*, 570 So.2d 1202, 1203 (Miss.1990) (holding word "probate" refers to act of clerk accepting will for probate, not date that estate is closed); *Crowell v. Sallen*, 17 Mass.App.Ct. 437, 458 N.E.2d 1222, 1224 (1984), *review denied* 391 Mass. 1103, 461 N.E.2d 1219 (1984) (holding "probate of the will" refers to date that will is proved and allowed, not date that fiduciary is appointed to execute will's provisions).

In this case, the will was informally probated on May 31, 1994, more than six months before appellant filed her notice of election. Thus, the latest date on which appellant could petition to take an elective share under section 524.2–205(a) was nine months after decedent's death—January 21, 1995. She did not file the notice of election until February 10, 1995.

We conclude, however, that because of the equitable considerations in this case, the district court abused its discretion by ruling

1. Section 524.2–205 was effective for estates of decedents dying before January 1, 1996. 1994 Minn. Laws ch. 472, §§ 64, 65. A similar provision containing the same time limitations, Minn.

Stat. § 524.2–211 (1994), took effect on January 1, 1996, and applies to the rights of successors of decedents who died on or after January 1, 1996. *See* 1994 Minn. Laws ch. 472, §§ 25, 65.

that appellant's election was time-barred. We find *Hoppke* instructive. In *Hoppke,* the county failed to file a petition for allowance of medical assistance claims within a two-month statutory limit. 388 N.W.2d at 755. This court held it was within the trial court's discretion to allow the county, in the interests of justice, to file its petition after the two-month limit had expired. *Id.* The court noted that the provisions of the probate code are to be construed liberally. *Id.; see also* Minn.Stat. § 524.1–102 (1994). We see no reason for a creditor or county to be treated differently from a surviving spouse.

Here, during the time following decedent's death, the parties were discussing appellant's right to take an elective share. Neither of the parties mentioned a time constraint in which appellant would have to make her decision. In a letter dated September 16, 1994, appellant made a proposal for "her one-third share." Counsel for the estate's personal representatives responded on December 5, 1994 with a "Proposed Distribution of Assets—Surviving Spouse." On December 20, 1994, appellant's counsel requested further information in order "to have a good idea of what the valuations are on the estate." It was not until January 24, 1995—two days after the limitations of section 524.2–205(a) expired—that the personal representatives withdrew their proposed distribution of assets. We conclude that it is inequitable for appellant to be time-barred from taking an elective share because she was actively engaged in negotiations with the estate regarding how the estate's assets should be distributed in order for her to take her elective share. Moreover, these negotiations began almost immediately after decedent's death, and each side submitted proposals for negotiation purposes.

2. Appellant argues that three woodlots should be considered part of her homestead. We disagree. For purposes of taxes, listing, and assessment,

> homestead property shall include property which is used for purposes of the homestead but is separated from the homestead by road, street, lot, waterway, or other similar intervening property. * * * In order to receive homestead treatment for the

noncontiguous property, the owner shall apply for it to the assessor by July 1 of the year when the treatment is initially sought.

Minn.Stat. § 273.124, subd. 1(b) (1992). There is no evidence in the record that decedent and appellant sought to have the assessor treat the woodlots as part of the homestead. The district court correctly determined that the woodlots are not part of the homestead and are subject to sale by the personal representatives.

3. Appellant argues the district court abused its discretion by denying her motion to increase maintenance. A surviving spouse "shall be allowed reasonable maintenance" during administration of the estate, but not for more than 18 months unless the court grants an extension. Minn.Stat. § 525.15(4) (1994). Maintenance is limited to $500 per month, but upon petition the court may allow a larger or smaller maintenance payment. Minn.Stat. § 525.151 (1994). In determining a reasonable amount for maintenance, the court should consider the value of the estate, the previous standard of living, and other resources available to the spouse to meet current living expenses. *In re Estate of Cassius,* 392 N.W.2d 327, 329 (Minn. App.1986).

We have carefully reviewed the affidavits of both appellant and one of the personal representatives, and we find no abuse of discretion. *See id.* at 328 (applying abuse of discretion standard). We note that in February 1995, appellant petitioned the court for maintenance of $1,000 per month, and she received, both directly and indirectly, more than $900 per month.

4. Appellant argued to the district court that she was entitled to proceeds from the sale of certain farm machinery because she and decedent owned the property as tenants in common. The district court rejected this argument because appellant did not prove by clear and convincing evidence that she had a one-half interest in the property. A party claiming an interest in property as a tenant in common must prove such ownership by a preponderance of the evidence. 86 C.J.S. *Tenancy in Common* § 11 (1954). We remand this issue to the district

court for application of the proper burden of proof.

## DECISION

The district court abused its discretion by ruling appellant was time-barred from electing to take an elective share. The district court was correct in its ruling that woodlots are not part of appellant's homestead and in its denial of her motion to increase maintenance. The issue of ownership of the farm machinery is remanded.

**Affirmed in part, reversed in part, and remanded.**

