ESTATE OF ROBERT L. ALLEN, Deceased, Janice Battles, Executrix and Personal Representative, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Estate of Allen v. Commissioner
Docket No. 16708-87.
United States Tax Court
T.C. Memo 1989-111; 1989 Tax Ct. Memo LEXIS 111; 56 T.C.M. (CCH) 1494; T.C.M. (RIA) 89111; March 21, 1989. Mitchell S. Fuerst, for the petitioner. Cheryl B. Harris, for the respondent. TANNENWALD
MEMORANDUM OPINION TANNENWALD, Judge: Respondent determined a deficiency of $ 83,496 in petitioner's Federal estate tax. After concessions, the sole issue for decision is whether the attorney for petitioner's personal representative was authorized to make a "qualified disclaimer" under section 2518. [1]
The parties have stipulated to all of the facts. The stipulation of facts and attached exhibits are incorporated herein. Petitioner, Estate of Robert L. Allen, acting by and through Janice Battles, executrix and personal representative, resided at Bend, Oregon, at the time the petition was filed. The estate filed a timely Federal estate tax return with the Internal Revenue *114 Service Center in Ogden, Utah. On October 8, 1983, Robert L. Allen, died testate as a domiciliary of Bend, Oregon. Mr. Allen's wife, Marjorie, had predeceased him on March 15, 1983. Mr. Allen, and subsequently his estate, was the sole devisee under his wife's will. Mr. Allen's will was admitted to probate in Deschutes County, Oregon, on October 19, 1983. Mr. and Mrs. Allen were survived by two daughters, Nancy Allen (Nancy) and Janice Battles. Upon Mr. Allen's death, Nancy became the personal representative of her father's estate and succeeded her father as the personal representative of her mother's estate. [2]
During October, November, and December 1983, Nancy consulted with her attorney, Daniel Re, to discuss probate of her parents' estates, including the possibility of making a disclaimer. Nancy decided that her father's estate should disclaim its interest in her mother's estate, and she understood that the disclaimer had to be made by December 15, 1983, to be effective. While vacationing *115 in Sun Valley, Idaho, in December 1983, Nancy was unable to return to Oregon to execute a disclaimer due to inclement weather. On December 15, 1983, she telephoned Mr. Re and authorized him to execute and file the disclaimer on her behalf. In accordance with Nancy's oral instructions, on December 15, 1983, Mr. Re executed a notarized document entitled "Disclaimer" by which he disclaimed the interest of the Estate of Robert Lewis Allen in property devised to Mr. Allen under the will of Marjorie S. Allen in his capacity as the attorney for Mr. Allen's estate. [3] On December 15, 1983, Mr. Re proceeded to file the Disclaimer with the Probate Department of the Deschutes County Circuit Court, "deliver" the disclaimer to himself, and execute a receipt as evidence that he had received the disclaimer on behalf of the Estate of Marjorie Allen. [4] On the same day, Mr. Re also filed an amended inventory of Mrs. Allen's estate with the Deschutes County Circuit Court, reflecting inclusion of the assets that were disclaimed by Mr. Allen's estate. *116 On December 16, 1983, Nancy returned to Oregon and executed the Federal estate tax return for her mother's estate, revealing the inclusion of the disclaimed interest. Nancy later filed the inventory of her father's estate on January 16, 1984, with the Deschutes County Circuit Court, reflecting the exclusion of the disclaimed interest. As a result of the disclaimer, the probatable assets of Mrs. Allen's estate were distributed to her daughters, Nancy and Janice, instead of to Mr. Allen's estate. Mr. Re was listed as the attorney for the personal representative on the estate tax returns of Marjorie Allen, filed December 16, 1983, and Robert Allen, filed July 6, 1984. Despite the disclaimer, respondent determined that the following property from the Estate of Marjorie Allen was includable in Mr. Allen's gross estate: Stocks
$  43,609
Bonds
38,775
Accrued dividends
1,624
Accrued tax-exempt bond interest
1,500
Accrued taxable interest
1,740
Insurance
132,391
Personal effects
500
Less:
State of Oregon Inheritance tax
(estimated)
5,525
Administration expenses
4,455
Total
[5] $ 210,160
*117 Under section 2046, a qualified disclaimer meeting the requirements of section 2518 produces the result that the disclaimant is treated as having never received the disclaimed interest in property for Federal estate tax purposes. Instead, section 25.2518-1(b), Gift Tax Regs., provides that the interest is considered as passing directly to the persons entitled to receive the property as a result of the disclaimer. Petitioner argues that Nancy gave oral authority to Mr. Re to execute a qualified disclaimer on behalf of her father's estate and that, as a result, the probatable assets of the Estate of Marjorie Allen were considered as passing directly to Nancy and Janice, instead of to the Estate of Robert Allen. We agree. Under section 2518(b), a qualified disclaimer is defined as an "irrevocable and unqualified refusal by a person to accept an interest in property" that meets four requirements. [6] In his brief, respondent does not argue that any of these four requirements were not satisfied by the *118 disclaimer. Therefore, the only issue for decision is whether Mr. Re was properly authorized to execute a qualified disclaimer. *119 Section 2518 and the regulations thereunder do not address the issue of who may disclaim an interest in an estate for purposes of Federal estate tax law. Section 25.2518-2(b), Gift Tax Regs., simply requires that the disclaimer be signed by "the disclaimant or by the disclaimant's legal representative," without specifying who fits within the meaning of "disclaimant" or "legal representative." [7] Therefore, we must decide if under the laws of Oregon Mr. Re was properly authorized to execute the disclaimer. Commissioner v. Estate of Bosch,387 U.S. 456, 465 (1967); Rolin v. Commissioner,588 F.2d 368, 369 (2d Cir. 1978), affg. 68 T.C. 919 (1977); Estate of Dancy v. Commissioner,89 T.C. 550, 557 (1987), on appeal (4th Cir., June 24, 1988). *120 Under section 112.635 of the Oregon Revised Statutes, [8] Nancy, the personal representative of her father's estate, was "the representative of a deceased," authorized to disclaim the estate's right of succession. See Uniform Disclaimer of Transfers by Will, Testacy, or Appointment Act, sec. 1 comment at 8A U.L.A. 98 (1983); Estate of Hoenig v. Commissioner,66 T.C. 471, 478 (1976). Respondent, however, argues that Mr. Re was not independently authorized by state statute to execute the disclaimer and that he was not otherwise authorized to execute the disclaimer because Nancy did not give him written authorization to do so. We find, however, that under Oregon law Nancy could properly orally authorize Mr. Re to act as her agent by executing the qualified disclaimer on behalf of her father's estate. *121 Oregon case law embraces the fundamental tenet of the common law of agency which holds that an agent may be appointed in writing or by word of mouth, except when a statute requires written authorization. Mechem, A Treatise on the Law of Agency sec. 211 at 154, secs. 221 and 222 at 164 (2d ed. 1982); 2A C.J.S., Principal and Agent, secs. 43 and 44 (1973); 1 Restatement, Agency 2d, sec. 26 (1958). As stated in Gaha v. Dodge,53 Or.App. 471, 632 P.2d 483, 486 (1981), "In order to establish an agency relationship, there need not be a formal contract, but the person for whom the service is performed must consent to the existence of the relationship and must have the right of control." In Oregon, a principal may confer express authority on an agent in express terms, whether written or oral. See Wiggins v. Barrett & Associates, Inc.,295 Or. 679, 669 P.2d 1132, 1138 (1983); Johnson v. Tesky,57 Or.App. 133, 643 P.2d 1344, 1348 (1982) (implicit in the findings of these cases is the principle that an agency may be created by word of mouth). *122 The nature and extent of an agent's authority is a question of fact that may be proved by direct or circumstantial evidence. Briggs v. Morgan,262 Or. 17, 496 P.2d 17, 20 (1972); Start v. Shell Oil Co.,202 Or. 99, 260 P.2d 468, 471 (1953). The uncontroverted evidence in the record establishes that Nancy, empowered by the Oregon statute to execute a disclaimer, expressly authorized Mr. Re to execute that disclaimer on behalf of the estate. The express authorization occurred during Nancy's telephone call to Mr. Re on December 15, 1983. This finding is buttressed by Nancy's action of filing her mother's estate tax return on December 16, 1983, and the inventory of her father's estate on January 16, 1984, to reflect the effect of the disclaimer. [9]
*123 We also find that Nancy gave Mr. Re express authority to accept delivery of the disclaimer on her behalf as personal representative of her mother's estate. Because we find that Nancy expressly authorized Mr. Re to execute and receive the disclaimer on her behalf as the authorized personal representative of both her parents' estates, we refuse to split hairs as respondent does in arguing that Mr. Re incorrectly signed the disclaimer as the attorney for the estate, rather than as the attorney for the personal representative. The record reveals that Mr. Re acted on Nancy's behalf and the title which he used on the disclaimer's form does not affect the substance of the express authorization which he had. Cf. Wilson v. Culbertson,41 Or.App. 475, 599 P.2d 1163, 1164 (1979). We reject respondent's attempt to support his position that Mr. Re should have had written authorization by analogizing the instant situation to those involving: (1) the requirement of the statute of frauds that an agent have written authority to execute an agreement concerning real estate transactions, Or. Rev. Stat. sec. 41.580(6) (1987), and (2) the requirement that a written power of attorney *124 be attached to a tax return signed by an agent. Secs. 1.6061-1(a) and 1.6012-1(a)(5), Income Tax Regs. It does not follow that because written authorization of an agent specifically is required by statute and regulation in these situations, it should be required in the situation involved herein. The hard fact is that the law of agency does not generally require written authorization, see page 9, supra, and there is no statute or regulation, state or Federal, which requires it with respect to the execution of a disclaimer. [10] We express no opinion as to whether regulations might require written authorization in order to create a valid disclaimer under section 2518. Cf. CSX Corp. v. Commissioner,89 T.C. 134, 147 (1987); Bedell Trust v. Commissioner,86 T.C. 1207, 1221 n.9 (1986). We also reject respondent's attempt to find support for his position from the general rule which precludes a fiduciary (in this case Nancy, as personal representative) from delegating discretionary authority. See 33 C.J.S., Executors and Administrators, *125 sec. 146 (1973). Mr. Re's authorization from Nancy did not involve the exercise of discretion on his part; rather it was simply a specific authorization to take a specific action on Nancy's behalf. See Meck v. Behrens,141 Wash. 676, 252 P. 91, 94 (1927). We hold that Mr. Re was authorized to disclaim and did disclaim the interest of the Estate of Robert Lewis Allen in property devised to Mr. Allen under the will of Marjorie S. Allen. [11]
To reflect concessions by the parties, Decision will be entered under Rule 155.
Footnotes
1. Unless otherwise noted, all section references are to the Internal Revenue Code as amended and in effect at the date of the decedent's death.↩
2. When Nancy moved from Oregon, her sister Janice succeeded her as personal representative of her father's estate on May 10, 1984, and subsequently filed the petition in this case.↩
3. In full, the disclaimer stated: I, DANIEL C. RE, attorney for the Estate of Robert Lewis Allen, hereby disclaim in whole, the right of the Estate of Robert Lewis Allen to all property devised to Robert Lewis Allen under the Will of Marjorie S. Allen. On December 15, 1983 I delivered in person a copy of this disclaimer to the attorney for the Estate of Marjorie S. Allen. /s/ Daniel C. Re
DANIEL C. RE, Attorney for the Estate of Robert L. Allen ↩
4. The disclaimer receipt stated: I, DANIEL C. RE, attorney for the Personal Representative of the Estate of MARJORIE S. ALLEN, hereby state that a Disclaimer, a copy of which is attached hereto, was personally delivered to me by the attorney for the Estate of Robert Lewis Allen on December 15, 1983. /s/ Daniel C. Re
DANIEL C. RE, Attorney for the Personal Representative of Estate of Marjorie S. Allen↩
5. Although the amounts listed in the notice of deficiency total $ 210,159, the parties have stipulated to a total of $ 210,160.↩
6. A qualified disclaimer must satisfy the four requirements of section 2518 and the regulations thereunder for both estate tax purposes, as provided by section 2046, and for gift tax purposes. The statutory requirements are: (1) such refusal is in writing, (2) such writing is received by the transferor of the interest, his legal representative, or the holder of the legal title to the property to which the interest relates not later than the date which is 9 months after the later of -- (A) the date on which the transfer creating the interest in such person is made, or (B) the day on which such person attains age 21, (3) such person has not accepted the interest or any of its benefits, and (4) as a result of such refusal, the interest passes without any direction on the part of the person making the disclaimer and passes either -- (A) to a spouse of the decedent, or (B) to a person other than the person making the disclaimer. [Sec. 2518(b)↩.]
7. Sec. 25.2518-2(b), Gift Tax Regs., provides: (b) Writing -- (1) Requirements. A disclaimer is a qualified disclaimer only if it is in writing. The writing must identify the interest in property disclaimed and be signed either by the disclaimant or by the disclaimant's legal representative.↩
8. Or. Rev. Stat. secs. 112.650-112.667 (1987) contains Oregon's adoption of the Uniform Disclaimer of Transfers by Will, Intestacy, or Appointment Act, effective January 1, 1976. Or. Rev. Stat. sec. 112.652 authorizes the following persons to disclaim the right of succession: A person, or the representative of a deceased, incapacitated or protected person, or any other fiduciary for a person, who is an heir, next of kin, devisee, legatee, person succeeding to a disclaimed interest, beneficiary under a testamentary instrument, or appointee under a power of appointment exercised by a testamentary instrument * * *↩
9. Our holding makes it unnecessary to discuss respondent's argument that Nancy could ratify or disavow the disclaimer after Mr. Re executed it, and therefore the disclaimer was not irrevocable. Under Oregon law, Nancy could not revoke the express authority given to Mr. Re. Alldrin v. Lucas,260 Or. 373, 490 P.2d 141, 144 (1971); Hiransomboon v. Uniguard Mutual Ins. Co.,46 Or.App. 493, 612 P.2d 306, 309↩ (1980).
10. We note that none of the property covered by the disclaimer consisted of an interest in real estate.↩
11. In view of our holding, it is unnecessary for us to address petitioner's arguments that Mr. Re was authorized to execute the disclaimer under the terms of Or. Rev. Stat. sec. 112.635↩ as a "representative of a deceased" or a "fiduciary for a person," or pursuant to the usual powers vested in an attorney to represent his client before the probate courts.